UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| WSOU INVESTMENTS, LLC D/B/A BRAZOS LICENSING AND DEVELOPMENT,<br><br>Plaintiff,<br><br>v.<br><br>JUNIPER NETWORKS, INC.,<br><br>Defendant. | No. 6:20-cv-00815<br><br>JURY TRIAL DEMANDED |

### BRAZOS'S COMPLAINT AGAINST JUNIPER FOR INFRINGEMENT OF U.S. PATENT NO. 7,596,140

Plaintiff WSOU Investments, LLC d/b/a Brazos Licensing and Development ("Brazos"), by and through its attorneys, files this Complaint for Patent Infringement against defendant Juniper Networks, Inc. ("Juniper") and alleges:

### NATURE OF THE ACTION

1. This is a civil action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. §§ 1 *et seq.*, including §§ 271, 281, 284, and 285.

### THE PARTIES

2. Brazos is a limited liability corporation organized and existing under the laws of Delaware, with its principal place of business at 605 Austin Avenue, Suite 6, Waco, Texas 76701.

3. On information and belief, Juniper is a corporation organized and existing under the laws of Delaware, with a regular and established place of business located at 1120 South Capital of Texas Highway, Suite 120, First Floor, Building 2, Austin, Texas 78746. Juniper may be served through its designated agent for service of process, CT Corporation System, 1999

Bryan Street, Suite 900, Dallas, Texas, 75201. On information and belief, Juniper is registered to do business in the State of Texas and has been since at least April 27, 2017.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has specific and general personal jurisdiction over Juniper pursuant to due process and/or the Texas Long Arm Statute because Juniper has committed and continues to commit acts of patent infringement, including acts giving rise to this action, within the State of Texas and this Judicial District. The Court's exercise of jurisdiction over Juniper would not offend traditional notions of fair play and substantial justice because Juniper has established minimum contacts with the forum. For example, on information and belief, Juniper has committed acts of infringement in this Judicial District, directly and/or through intermediaries, by, among other things, making, using, offering to sell, selling, and/or importing products and/or services that infringe the Asserted Patent, as alleged herein.

6. Upon information and belief, Juniper has continuous and systematic business contacts with the State of Texas. Juniper is registered to do business in the State of Texas, has offices and facilities in the State of Texas, and actively directs its activities to customers located in the State of Texas. Juniper, directly and/or through affiliates and/or intermediaries, conducts its business extensively throughout the State of Texas, by shipping, importing, manufacturing, distributing, offering for sale, selling, and/or advertising its products and services in the State of Texas and this Judicial District.

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1400(b). Juniper is registered to do business in the State of Texas, and, upon information and belief, Juniper has transacted business in this Judicial District, and has committed acts of direct and indirect

infringement in this Judicial District by, among other things, importing, offering to sell, and selling products that infringe the Asserted Patent. Juniper has regular and established places of business in this Judicial District, as set forth below.

8. Juniper maintains a regular and established place of business in this Judicial District, at least at 1120 South Capital of Texas Highway, Suite 120, First Floor, Building 2, Austin, Texas 78746. Upon information and belief, Juniper conducts business, serves customers, and markets and/or sells its products from its regular and established place of business in Austin, Texas, in this Judicial District.

9. Upon information and belief, Juniper maintains additional regular and established places of business in the State of Texas, nearby to this Judicial District, including at Granite Park V, 5830 Granite Pkwy #850, Plano, Texas 75024.

10. Juniper's Form 10-K for the fiscal year ended December 31, 2019 states, in part:

> Juniper Networks designs, develops, and sells products and services for high-performance networks to enable customers to build scalable, reliable, secure and cost-effective networks for their businesses . . . . We organize and manage our business by major functional departments on a consolidated basis as one operating segment. We sell our high-performance network products and service offerings across routing, switching, and security technologies. In addition to our products, we offer our customers services, including maintenance and support, professional services, and education and training programs.[1]

11. Upon information and belief, Juniper designs, manufactures, uses, imports into the United States, sells, and/or offers for sale in the United States products that infringe the Asserted Patent, directly and or through intermediaries, as alleged herein. Juniper markets, sells, and/or offers to sell its products and services, including those accused herein of infringement, to actual and potential customers and end-users located in the State of Texas and in this Judicial District, as alleged herein.

---

[1] *See* https://s1.q4cdn.com/608738804/files/doc_financials/2019/q4/2019-10-K-Final.pdf at 3.

12. Juniper's website advertises and promotes its products and services to customers nationwide, and permits customers to request a quote or buy directly from Juniper by requesting a direct call or email from a Juniper representative.[2]

## COUNT I
### Infringement of U.S. Patent No. 7,596,140

13. Brazos re-alleges and incorporates by reference the preceding paragraphs 1–12 of this Complaint.

14. On September 29, 2009, the U.S. Patent & Trademark Office duly and legally issued U.S. Patent No. 7,596,140 (the "'140 Patent"), entitled "Methods and Devices for Creating Bi-Directional LSPs." A true and correct copy of the '140 Patent is attached as Exhibit A to this Complaint.

15. Brazos is the owner of all rights, title, and interest in and to the '140 Patent, including the right to assert all causes of action arising under the '140 Patent and the right to any remedies for the infringement of the '140 Patent.

16. Juniper makes, uses, sells, offers for sale, imports, and/or distributes in the United States, including within this Judicial District, products running the Junos OS operating system that support the Generic MPLS standard ("GMPLS"),[3] including, but not limited to, Juniper's QFX Series Switches,[4] EX Series Switches,[5] ACX Series Universal Metro Routers,[6] Packet

---

[2] *See* https://www.juniper.net/us/en/how-to-buy/.

[3] *See* https://www.juniper.net/us/en/products-services/nos/junos; https://www.juniper.net/documentation/en_US/junos/topics/topic-map/gmpls-configuration.html; https://apps.juniper.net/feature-explorer/parent-feature-info.html?pFKey=1503&pFName=Multiprotocol%20Label%20Switching%20(MPLS).

[4] *See* https://www.juniper.net/us/en/products-services/switching/qfx-series/; https://www.juniper.net/documentation/en_US/junos/topics/topic-map/mpls-overview.html.

[5] *See* https://www.juniper.net/us/en/products-services/switching/ex-series/; https://www.juniper.net/documentation/en_US/junos/topics/topic-map/mpls-overview.html.

4

Optical products,[7] and Packet Optical Transport products[8] (collectively, the "Accused Products").

17. The Accused Products are network devices operable to, by themselves, generate and send in a transmission section a backward path request message to a source of a separately generated, initial forward path request message associated with a forward Label Switched Path ("LSP") between the device and the source.

18. The Accused Products support Multi-Protocol Label Switch ("MPLS") features such as Transport Profile and GMPLS:[9]

> The QFX5100 line includes 10GbE (fiber and copper) and 40GbE fixed-configuration options with rich Layer 2, Layer 3, and MPLS features. . . .

19. The Accused Products implement Multiple-Protocol Label Switch Transport Profile in which "[t]wo unidirectional RSVP LSPs between a pair of routers can be associated with each other to create an associated bidirectional LSP."[10]

20. "An associated bidirectional LSP consists of two unidirectional LSP that are tied together (or associated with each other) through configuration on both of the LSP end points."[11]

21. The Accused Products initiate the transport LSP signaling as a unidirectional LSP from the source router to the destination router in the forward direction. The destination router in

---

[6] *See* https://www.juniper.net/uk/en/products-services/routing/acx-series/; https://www.juniper.net/documentation/en_US/junos/topics/topic-map/mpls-overview.html.

[7] *See* https://www.juniper.net/us/en/products-services/packet-optical/; https://www.juniper.net/documentation/en_US/junos/topics/topic-map/gmpls-configuration.html.

[8] *See* https://www.juniper.net/us/en/solutions/packet-optical/; https://www.juniper.net/documentation/en_US/junos/topics/topic-map/gmpls-configuration.html.

[9] *See, e.g.*, https://www.juniper.net/us/en/products-services/switching/qfx-series/datasheets/1000480.page.

[10] *See* https://www.juniper.net/documentation/en_US/junos/information-products/pathway-pages/config-guide-mpls-applications/config-guide-mpls-applications.pdf at 29.

[11] *See supra* note 10 at 391.

turn initiates the signaling of the unidirectional LSP in the reverse direction back to the source router:[12]

> **Associated Bidirectional Packet LSP**
>
> The GMPLS RSVP-TE VLAN LSP is carried on an associated bidirectional transport LSP within the server-layer network, which is a single-sided provisioned LSP. The transport LSP signaling is initiated as a unidirectional LSP from the source router to the destination router in the forward direction, and the destination router in turn initiates the signaling of the unidirectional LSP in the reverse direction back to the source router.

22.     The Accused Products use a Reservation Protocol ("RSVP") to set up unidirectional paths between an ingress provider edge ("PE") switch and an egress provider edge switch. Based on the reception of the path message (*i.e.*, forward path request message) by the egress provider edge switch (*i.e.*, the destination device), the egress provider switch transmits a reservation message (*i.e.*, forward path reservation message) to the ingress provider switch (*i.e.*, the source device). Once the ingress provider edge switch receives the reservation message, an RSVP path is established:[13]

> RSVP is a signaling protocol that allocates and distributes labels throughout an MPLS network. RSVP sets up unidirectional paths between the ingress PE switch and the egress PE switch. RSVP makes the LSPs dynamic; it can detect topology changes and outages and establish new LSPs to allow traffic to move around a failure.
>
> You must enable RSVP and apply it to the loopback interface and the core interface of both the PE and provider switches. The path message contains the configured information about the resources required for the LSP to be established.
>
> When the egress PE switch receives the path message, it sends a reservation message back to the ingress PE switch. This reservation message is passed along from switch to switch along the same path as the original path message. Once the ingress PE switch receives this reservation message, an RSVP path is established.
>
> The established LSP stays active as long as the RSVP session remains active. RSVP continues activity through the transmissions and responses to RSVP path

---

[12] *See supra* note 10 at 1273.

[13] *See* https://www.juniper.net/documentation/en_US/junos/topics/concept/mpls-ex-series-components.html.

and reservation messages. If the messages stop for three minutes, the RSVP session terminates and the LSP is lost.

23. The LSP packet carries a reservation message for one path and a path message for the second path simultaneously:[14]

**Setting Up the Associated Bidirectional Transport LSP Between the Server-Layer Routers**

The associated bidirectional LSP between routers PE1 and PE2 consists of two unidirectional packet LSPs:

- PE1-to-PE2
- PE2-to-PE1

Router PE1 initiates signaling of a unidirectional packet LSP to Router PE2. This unidirectional packet LSP constitutes the forward direction (PE1-to-PE2) of the associated bidirectional LSP, and the path message carries the Extended Association Object indicating this is a single-sided provisioning model. On receiving the path message for the LSP, Router PE2 responds with a Resv message and triggers the signaling of a unidirectional packet LSP to Router PE1 with the same path as (PE1-to-PE2) in the reverse direction. This unidirectional packet LSP uses the PE2-to-PE1 direction of the associated bidirectional LSP, and this path message carries the same Extended Association Object seen in the PE1-to-PE2 path message.

When Router PE1 receives the Resv message for the PE1-to-PE2 unidirectional LSP and the path message for the PE2-to-PE1 unidirectional LSP, PE1 binds the PE1-to-PE2 and PE2-to-PE1 unidirectional LSPs by matching the Extended Association Objects carried in the respective path messages. For the path message for the PE2-to-PE1 unidirectional LSP, Router PE1 responds with the Resv Message. On receiving the Resv message for the PE1-to-PE2 LSP and the path message for the PE2-to-PE1 LSP, Router PE1 has established the associated bidirectional packet transport LSP.

24. The Accused Products receive a backward path reservation message from the source in order to establish a backward LSP between the device and the source, wherein the separately established forward and backward LSPs form a bi-directional LSP between the device and the source.

---

[14] *See supra* note 10 at 1278.

25.  The same method of setting unidirectional paths in the forward direction using RSVP messages is used to establish an RSVP in the backward direction. In the backward direction, the egress provider edge switch (*i.e.*, the destination device) sends a path message (*i.e.*, a backward path request message) to the ingress provider edge switch (*i.e.*, the source device) in order to establish an RSVP path (*i.e.*, LSP). The ingress provider edge switch then sends a reservation message (*i.e.*, the backward path reservation message) back to the egress provider edge switch (*i.e.*, the destination device), setting up an LSP in the backward direction.[15]

26.  In view of the preceding paragraphs 17–25, each and every element of at least claim 1 of the '140 Patent is found in the Accused Products.

27.  Juniper continues to directly infringe at least one claim of the '140 Patent, literally or under the doctrine of equivalents, by making, using, selling, offering for sale, importing, and/or distributing the Accused Products in the United States, including within this Judicial District, without the authority of Brazos. Juniper's infringing use of the Accused Products includes its internal use and testing of the Accused Products.

28.  Juniper has received notice and actual or constructive knowledge of the '140 Patent since at least the date of service of this Complaint.

29.  Since at least the date of service of this Complaint, through its actions, Juniper has actively induced product makers, distributors, retailers, and/or end users of the Accused Products to infringe the '140 Patent throughout the United States, including within this Judicial District, by, among other things, advertising and promoting the use of the Accused Products in various websites, including providing and disseminating product descriptions, operating manuals, and

---

[15] *See supra* ¶ 21.

other instructions on how to implement and configure the Accused Products. Examples of such advertising, promoting, and/or instructing include the documents at:

- https://www.juniper.net/documentation/en_US/junos/information-products/pathway-pages/config-guide-mpls-applications/config-guide-mpls-applications.pdf.

30. Juniper was and is aware that the normal and customary use by end users of the Accused Products infringes the '140 Patent. Juniper's inducement is ongoing.

31. Since at least the date of service of this Complaint, through its actions, Juniper has contributed to the infringement of the '140 Patent by having others sell, offer for sale, or use the Accused Products throughout the United States, including within this Judicial District, with knowledge that the Accused Products infringe the '140 Patent. The Accused Products have special features that are especially made or adapted for infringing the '140 Patent and have no substantial non-infringing use. For example, in view of the preceding paragraphs, the Accused Products contain functionality which is material to at least claim 1 of the '140 Patent.

32. The special features include using GMPLS to create an associated bi-directional label switched path in a manner that infringes the '140 Patent.

33. The special features constitute a material part of the invention of one or more claims of the '140 Patent and are not staple articles of commerce suitable for substantial non-infringing uses.

34. Brazos has suffered damages as a result of Juniper's direct and indirect infringement of the '140 Patent in an amount adequate to compensate for Juniper's infringement, but in no event less than a reasonable royalty for the use made of the invention by Juniper, together with interest and costs as fixed by the Court.

## JURY DEMAND

Brazos hereby demands a jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Brazos respectfully requests that the Court:

(a) enter judgment that Juniper infringes one or more claims of the '140 Patent literally and/or under the doctrine of equivalents;

(b) enter judgment that Juniper has induced infringement and continues to induce infringement of one or more claims of the '140 Patent;

(c) enter judgment that Juniper has contributed to and continues to contribute to the infringement of one or more claims of the '140 Patent;

(d) award Brazos damages, to be paid by Juniper in an amount adequate to compensate Brazos for such damages, together with pre-judgment and post-judgment interest for the infringement by Juniper of the '140 Patent through the date such judgment is entered in accordance with 35 U.S.C. § 284, and increase such award by up to three times the amount found or assessed in accordance with 35 U.S.C. § 284;

(e) declare this case exceptional pursuant to 35 U.S.C. § 285; and

(f) award Brazos its costs, disbursements, attorneys' fees, and such further and additional relief as is deemed appropriate by this Court.

Respectfully submitted,

Dated: September 4, 2020

/s/ *Raymond W. Mort, III*
Raymond W. Mort, III
Texas State Bar No. 00791308
raymort@austinlaw.com
THE MORT LAW FIRM, PLLC
100 Congress Avenue, Suite 2000
Austin, Texas 78701
tel/fax:   (512) 677-6825

Edward J. Naughton
(*pro hac vice* to be filed)
enaughton@brownrudnick.com
Rebecca MacDowell Lecaroz
(*pro hac vice* to be filed)
rlecaroz@brownrudnick.com
BROWN RUDNICK LLP
One Financial Center
Boston, Massachusetts 02111
telephone:   (617) 856-8200
facsimile:   (617) 856-8201

Alessandra C. Messing
(*pro hac vice* to be filed)
amessing@brownrudnick.com
Timothy J. Rousseau
(*pro hac vice* to be filed)
trousseau@brownrudnick.com
Yarelyn Mena
(*pro hac vice* to be filed)
ymena@brownrudnick.com
BROWN RUDNICK LLP
7 Times Square
New York, New York 10036
telephone:   (212) 209-4800
facsimile:   (212) 209-4801

David M. Stein
(*pro hac vice* to be filed)
dstein@brownrudnick.com
Sarah G. Hartman
(*pro hac vice* to be filed)
shartman@brownrudnick.com
BROWN RUDNICK LLP
2211 Michelson Drive, 7th Floor
Irvine, California 92612
telephone:   (949) 752-7100
facsimile:   (949) 252-1514

*Counsel for Plaintiff*
*WSOU Investments, LLC d/b/a*
*Brazos Licensing and Development*