UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| WSOU INVESTMENTS, LLC D/B/A<br>BRAZOS LICENSING AND DEVELOPMENT,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>JUNIPER NETWORKS, INC.,<br><br>　　　　　Defendant. | Nos.　6:20-cv-00812-ADA<br>　　　　6:20-cv-00813-ADA<br>　　　　6:20-cv-00814-ADA<br>　　　　6:20-cv-00815-ADA<br>　　　　6:20-cv-00902-ADA<br>6:20-cv-00903-ADA<br><br>***PUBLIC VERSION***<br><br>**JURY TRIAL DEMANDED** |

**WSOU INVESTMENTS, LLC D/B/A/ BRAZOS LICENSING AND DEVELOPMENT'S SUR-REPLY IN OPPOSITION TO JUNIPER NETWORKS, INC.'S MOTION TO TRANSFER VENUE UNDER 28 U.S.C. § 1404(a)**

Juniper failed to satisfy its burden to show NDCA is clearly more convenient than this District, where Brazos is headquartered and Juniper has ties. Juniper's reply is replete with mischaracterizations and red herrings, but none impacts the analysis. Because transfer would, at most, shift the inconveniences from one party to another, Juniper's motion should be denied.

***Access to Sources of Proof Does Not Favor Transfer.*** Juniper concedes all of its relevant documents are stored electronically on servers *across the country and world*, including in ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (Opp. at 4–7). *Id.* at 5. Juniper has not specified any documents that are purportedly stored in NDCA, or any evidence it would not be able to obtain in this District, which was required. Opp. at 5. Juniper's only argument—that the "vast majority" of documents are stored in Sunnyvale (Rep. at 3; Mot. at 9)—is too speculative to be considered. *See In re Apple Inc.*, 743 F.3d 1377, 1379 (Fed. Cir. 2014) (denying mandamus and finding nothing improper with district court declining to weigh factor as too speculative after considering similar argument by defendant); *see also Utterback v. Trustmark Nat'l Bank*, 716 F. App'x 241, 245 n.10 (5th Cir. 2017).[1] Because Juniper's sources of proof are spread across the globe, this factor cannot favor transfer.[2] Moreover, it is undisputed that Brazos's documents are managed from Waco, and Brazos also has physical documents in Waco, which counsels against transfer. Opp. at 7.[3]; *see also WSOU Invest., LLC v.*

---

[1] Juniper has also confirmed that all relevant documents are accessible globally, including in this District, for any individual with permissions. Opp. at 6.

[2] This case is, therefore, unlike *Kuster v. Western Digital Techs., Inc.*, 2021 WL 466147, at *4 (W.D. Tex. Feb. 9, 2021), where the defendant showed that four of its nine data centers were located in NDCA, and *SITO Mobile R&D IP v. Hulu, LLC*, 2021 WL 1166772, at *4 (W.D. Tex. Mar. 24, 2021), where all of the defendant's documents were stored in CDCA.

[3] Although Mr. Hogan testified that he "believed" certain documents have been in the Waco office ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ he also testified that there are other relevant physical documents stored in a filing cabinet at the Waco office. Ex. 1 at 111:6–9.

*Microsoft Corp.*, 2021 WL 1298935, at *3 (W.D. Tex. Apr. 7, 2021) ("[Brazos'] sources of proof [] are in Waco," and factor weighed slightly against transfer).

**Compulsory Process Weighs Against Transfer.** Brazos identified two inventors who are subject to this Court's compulsory process. Opp. at 8–9. Juniper has not identified *any* unwilling witnesses that are subject only to NDCA's subpoena power. Opp. at 7–9. Juniper's "prior art witnesses" are unpersuasive because: (1) this Court gives little weight to the location of prior art witnesses because they are very unlikely to testify, *Fintiv, Inc. v. Apple, Inc.*, 2019 WL 4743678, at *5 (W.D. Tex. Sept. 13, 2019); (2) Juniper has failed to satisfy its burden to show that any are unwilling to testify, *Turner v. Cincinnati Ins. Co.*, 2020 WL 210809, at *3 (W.D. Tex. Jan. 14, 2020); and (3) all four have locations worldwide, and at least three have locations in Austin within 100 miles of the Waco Courthouse and are thus subject to the subpoena power of *this* Court, *ParkerVision, Inc. v. Intel Corp.*, 2021 WL 401989, at *4 (W.D. Tex. Jan. 26, 2021). This factor weighs strongly against transfer. *See Correct Transmission, LLC v. Juniper Networks, Inc.*, No. 6:20-cv-670, slip op. at 6 (W.D. Tex. May 26, 2021) ("*Juniper*").

**Convenience of Willing Witnesses Does Not Favor Transfer.** Juniper failed to identify *any* willing non-party witnesses. Its party witnesses are entitled to little weight and are insufficient to support transfer. Opp. at 9–12; *see also Juniper*, slip op. at 7. Further, although Juniper cherry-picked some employees who purportedly work at its California office, which is speculative at best (Opp. at n.14), Juniper concedes that other employees from across the globe are knowledgeable on the same topics. *Id.* at 10–11. It also identified as many or more employees with relevant knowledge *outside* of California, including Texas, ▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Opp., Ex. B at 11–12; Ex. C at 18. Nevertheless, "long lists of potential party and third-party witnesses do not affect the Court's

analysis for this factor," *Fintiv*, 2019 WL 4743678, at *6, and courts "uniformly refuse[] to let applications for transfer become a battle of numbers," *Juniper*, slip op. at 6 (citation omitted).

Brazos has shown this District is more convenient for Brazos and its party and non-party witnesses, including Mr. Hogan who resides in Waco and who *will* be designated as a witness with relevant knowledge about Brazos's business. Opp. at 11–12; *c.f.* Rep. at 2.[4] Sheyanna Pietras (formerly, Osceola) also lives and works in Waco. Opp. at 12. Brazos's other witnesses, including Stuart Shanus and Craig Etchegoyen, are willing to travel to this District to testify and will be able to work from Brazos's office when they do. *Id.*; Hogan Decl. ¶ 10. In addition, the numerous other third-party inventors and prosecuting attorneys, who are located across the globe, would be at least "slightly more inconvenienced by having to travel to California" than to Texas. Opp. at 12 & Ex. H. This factor does not favor transfer. *See, e.g.*, *Juniper*, slip. op. at 7 (finding factor neutral); *SynKloud*, 2020 WL 2494574, at *5 ("[T]he cost of attendance of party witnesses does not weigh for or against transfer because there appear to be several potential witnesses in both NDCA and WDTX, as well as outside either District. … In any case, courts give the convenience of party witnesses little weight." (citation omitted)).[5]

**Other Practical Problems Do Not Favor Transfer.** Juniper concedes this factor is neutral and does not identify any reason why transfer to NDCA would make the cases more efficient or expeditious. Mot. at 10–11; Rep. at 3–4; *see also* Opp. at 13.

**Court Congestion Weighs Against Transfer.** Juniper ignores that this factor weighs against transfer because the most recent statistics from the U.S. Courts shows a median time to

---

[4] *See SynKloud Techs., LLC v. Dropbox, Inc.*, 2020 WL 2494574, at *4 (W.D. Tex. May 14, 2020) (although the parties disagreed whether any witnesses in WDTX have relevant information, "the Court resolves factual conflicts in favor of the non-movant").

[5] Juniper mischaracterizes the reason *Apple*, *Adobe*, and *Tracfone* (Rep. at 2) are distinguishable: none involved a plaintiff, like Brazos, that was based in the forum and had witnesses there.

3

trial for civil cases of 44.5 months in NDCA, as compared to 20.4 months in this District.  Opp. at 14 (citing Ex. K at 66, 37); *see also Juniper*, slip op. at 9–10 ("[Plaintiff] rightly points to the difference in time to trial between this District and [NDCA] to show that this factor disfavors transfer." (citation omitted)).  *Apple* and *Adobe* (Rep. at 4), which cautioned against relying solely on a court's schedule, are inapposite.  Opp. at 14 & n.19.

    ***Local Interest Does Not Favor Transfer.***  Juniper misunderstands that this District has a local interest in these disputes because Brazos is a Waco-based company with strong local ties.  Opp. at 2-3, 14–15; *WSOU*, 2021 WL 1298935, at *5 (factor weighed against transfer because Brazos is headquartered in Waco and has strong local ties; rejecting argument that Brazos's ties are "superficial").  This is true even if certain officers did not travel to the Waco office over the past year and half while the world was quarantined because of the COVID-19 pandemic.  *Compare* Rep. at n.4 *with* Ex. 1 at 31:19–32:2.  It is also true even though Brazos ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇, *outside of either district*, ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇.  Ex. 1 at 90:5–10, 112:23–124:11;[6] *see also Seven Networks, LLC v. Google LLC*, 2018 WL 4026760, at *14 (E.D. Tex. Aug. 15, 2018) ("There is little doubt that this District has a local interest in the disposition of any case involving a resident corporate party.").[7]  Juniper does not show otherwise.

---

[6] Mr. Hogan testified that he learned about this ▇▇▇▇▇▇▇ during deposition preparation, and that his declaration was true and correct to the best of his knowledge when he signed it. Ex. 1 at 89:23–25; 91:17-20.

[7] Brazos's founders recognized that "Waco was a burgeoning tech center … with Baylor as an anchor" and headquartered the company there because they "want[ed] to entrench [thems]elves in places where there's burgeoning technology being developed, potentially technology that could be patented."  Ex. 1 at 20:7–21:2, *see also Eolas Techs., Inc. v. Adobe Sys., Inc.*, 2010 WL 3835762, at *7 (E.D. Tex. Sept. 8, 2010) (rejecting argument that plaintiff set up a sham location because "[plaintiff] appears to have genuinely moved its business to this District and is operating within the normal course of its business within this District").

Juniper also has ties to this District, including its Austin office, which it *still* leases and did so at the time these actions were filed (Opp. at n.5), and because it sells, services, and markets a significant amount of accused products in this District, including through its forty employees and ▮ third-party resellers and/or distributors here. Opp. at 3–4, 15, & n.6. This Court has agreed, recognizing "the extent to which Juniper has availed itself of the state of Texas to do business," and that "its business in this State, and in this District specifically, grants Texans a local interest in Juniper's disputes." *Juniper*, slip op. at 9 (factor neutral even though plaintiff was not based in Waco; noting that Juniper also holds a vendor contract with the State to provide "[d]ata Storage, Data Communications & Networking Equipment Products"); *see also In re W. Digital Techs., Inc.*, 2021 WL 1853373, at *1 (Fed. Cir. May 10, 2021) (denying mandamus where district court determined WDTX had a local interest because defendant had facilities and employees there, and it was a "significant market[] for the [accused] products").[8]

In addition, where the accused functionality was designed and developed does not sway the analysis, where Brazos is headquartered in WDTX and at least some of the accused features and/or products were developed outside of NDCA.[9]

Juniper concedes the remaining factors are neutral.

***Conclusion.*** Many factors weigh against transfer—none weigh in favor of it—so Juniper has failed to carry its burden.

---

[8] Juniper is incorrect that this factor considers the *difference* in the amount of sales made here and in NDCA. Rep. at n.3. The relevant consideration is that Juniper has an office and employees in this District and has a significant market for sales of accused products here. *See In re W. Digital Techs., Inc.*, 2021 WL 1853373, at *1.

[9] Juniper admitted that at least some of the accused products were developed outside of California, including the WANDL IP feature that was developed in New Jersey and the SRX products that were developed in China. Opp., Ex. A at 36:12–374:4. Juniper also admits that teams in India and China support its technical research and development. Martinez Decl. ¶ 5.

Dated: May 30, 2021 | *Raymond W. Mort, III*
Raymond W. Mort, III
Texas State Bar No. 00791308
raymort@austinlaw.com
THE MORT LAW FIRM, PLLC
100 Congress Avenue, Suite 2000
Austin, Texas 78701
tel/fax: (512) 677-6825

David M. Stein
Texas State Bar No. 797494
dstein@brownrudnick.com
Sarah G. Hartman
California State Bar No. 281751
shartman@brownrudnick.com
BROWN RUDNICK LLP
2211 Michelson Drive, 7th Floor
Irvine, California 92612
telephone:  (949) 752-7100
facsimile:  (949) 252-1514

Edward J. Naughton
(admitted *pro hac vice*)
enaughton@brownrudnick.com
Rebecca MacDowell Lecaroz
(admitted *pro hac vice*)
rlecaroz@brownrudnick.com
BROWN RUDNICK LLP
One Financial Center
Boston, Massachusetts 02111
telephone:  (617) 856-8200
facsimile:  (617) 856-8201

Alessandra C. Messing
New York State Bar No. 5040019
amessing@brownrudnick.com
Timothy J. Rousseau
New York State Bar No. 4698742
trousseau@brownrudnick.com
BROWN RUDNICK LLP
7 Times Square
New York, New York 10036
telephone:  (212) 209-4800
facsimile:  (212) 209-4801

*Counsel for Plaintiff*
*WSOU Investments, LLC d/b/a*
*Brazos Licensing and Development*