# EXHIBIT A

**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | |
|---|---|
| WSOU INVESTMENTS, LLC D/B/A BRAZOS LICENSING AND DEVELOPMENT,<br><br>Plaintiff,<br><br>v.<br><br>JUNIPER NETWORKS, INC.,<br><br>Defendant. | Nos. 6:20-cv-00812-ADA<br>6:20-cv-00813-ADA<br>6:20-cv-00814-ADA<br>6:20-cv-00815-ADA<br>6:20-cv-00902-ADA<br>6:20-cv-00903-ADA |

**PROTECTIVE ORDER**

WHEREAS, plaintiff WSOU Investments LLC d/b/a Brazos Licensing and Development and defendant Juniper Networks, Inc., hereafter referred to as "the Parties," believe that certain information that is or will be encompassed by discovery demands by the Parties involves the production or disclosure of trade secrets, confidential business information, or other proprietary information;

WHEREAS, the Parties seek a protective order limiting disclosure thereof in accordance with Federal Rule of Civil Procedure 26(c):

THEREFORE, it is hereby stipulated among the Parties and ORDERED that:

1. Each Party may designate as confidential for protection under this Order, in whole or in part, any document, information or material that constitutes or includes, in whole or in part, confidential or proprietary information or trade secrets of the Party or a Third Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such document, information or material ("Protected Material"). Protected Material shall be designated by the Party producing it by affixing a legend or stamp on such document, information or material as follows: "CONFIDENTIAL," "HIGHLY CONFIDENTIAL –

ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE." The appropriate designation shall be placed clearly on each page of the Protected Material (except deposition and hearing transcripts and natively produced documents) for which such protection is sought. For deposition and hearing transcripts, the appropriate designation shall be placed on the cover page of the transcript (if not already present on the cover page of the transcript when received from the court reporter) by each attorney receiving a copy of the transcript after that attorney receives notice of the designation of some or all of that transcript is designated as containing Protected Material. For natively produced Protected Material, the appropriate designation shall be placed in the filename of each such natively produced document.

2. Any document produced before issuance of this Order, including under the Court's Order Governing Proceedings, with the designation "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" (or the like) shall receive the same treatment as if designated "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," respectively, under this Order, unless and until such document is re-designated to have a different classification under this Order.

3. With respect to documents, information, or material designated "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL SOURCE CODE" ("DESIGNATED MATERIAL"),[1] subject to the provisions herein and unless otherwise stated, this Order governs, without limitation: (a) all

---

[1] The term DESIGNATED MATERIAL is used throughout this Protective Order to refer to the class of materials designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE," both individually and collectively.

documents, electronically stored information, and/or things as defined by the Federal Rules of Civil Procedure; (b) all pretrial, hearing or deposition testimony, or documents marked as exhibits or for identification in depositions and hearings; (c) pretrial pleadings, exhibits to pleadings and other court filings; (d) affidavits; and (e) stipulations. All copies, reproductions, extracts, digests and complete or partial summaries prepared from any DESIGNATED MATERIALS shall also be considered DESIGNATED MATERIAL and treated as such under this Order.

4. A designation of Protected Material (*i.e.*, "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE") may be made at any time. Inadvertent or unintentional production of documents, information or material that has not been designated as DESIGNATED MATERIAL shall not be deemed a waiver in whole or in part of a claim for confidential treatment. Any Party that inadvertently or unintentionally produces Protected Material without designating it as DESIGNATED MATERIAL may request destruction of that Protected Material by notifying the recipient(s), as soon as reasonably possible after the producing Party becomes aware of the inadvertent or unintentional disclosure, and providing replacement Protected Material that is properly designated. The recipient(s) shall then destroy all copies of the inadvertently or unintentionally produced Protected Materials and any documents, information or material derived from or based thereon.

5. "CONFIDENTIAL" documents, information and material may be disclosed only to the following persons, except upon receipt of the prior written consent of the producing Party, upon order of the Court, or as set forth in paragraph 14 herein:

(a) Outside counsel of record in this Action for the Parties, and outside counsel retained for the purpose of this litigation.

 (b) Outside counsel's paralegals, attorneys, and staff, working at the direction of such outside counsel that are assigned to and reasonably necessary to assist such counsel in the litigation of this Action.

 (c) In-house counsel for the Parties who either have responsibility for making decisions dealing directly with the litigation of this Action, or who are assisting outside counsel in the litigation of this Action and who have read and agree to be bound by this Order.

 (d) Up to and including three (3) designated representatives of each of the Parties to the extent reasonably necessary for the litigation of this Action, provided that before access is given, the designated representative has completed the Undertaking attached as Exhibit A hereto and the same is served upon the producing Party. Either Party may in good faith request the other Party's consent to designate one or more additional representatives, the other Party shall not unreasonably withhold such consent, and the requesting Party may seek leave of Court to designate such additional representative(s) if the requesting Party believes the other Party has unreasonably withheld such consent.

 (e) Outside consultants or experts (*i.e.*, not existing employees or affiliates of a Party or an affiliate of a Party) retained for the purpose of this litigation, provided that: (1) such consultants or experts are not presently employed by the Parties hereto for purposes other than this Action; (2) before access is given, the consultant or expert has completed the Undertaking attached as Exhibit A hereto and the same is served upon the producing Party with a current curriculum vitae[2] of the consultant or expert at least seven (7) days before access to the Protected Material is to be given to that consultant to object to and notify the receiving Party in writing that it objects to disclosure of Protected Material to the consultant or expert. The Parties shall promptly confer and use good faith to resolve any such objection. If the Parties are unable to resolve any objection, the objecting Party may file a motion with the Court within seven (7) days of the notice, or within such other time as the Parties may agree, seeking a protective order with respect to the proposed disclosure. The objecting Party shall have the burden of proving the need for a protective order. No disclosure shall occur until all such objections are resolved by agreement or Court order.

 (f) Independent litigation support services, including persons working for or as court reporters, graphics or design services, jury or trial consulting services, and

---

[2] For any such person, the curriculum vitae shall identify the person's (i) current employer(s), and (ii) any litigation (by name and number of the case and court) in connection with which they have offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years. If such consultant or expert believes any of this information is subject to a confidentiality obligation to a third-party, then they should provide whatever information can be disclosed without violating any confidentiality agreements, and the Party seeking to disclose Protected Material to the consultant or expert shall be available to meet and confer with the producing Party regarding any such engagement.

4

photocopy, document imaging, and database services retained by counsel and reasonably necessary to assist counsel with the litigation of this Action.

  (g)  The Court and its personnel.

6. A Party shall designate documents, information or material as "CONFIDENTIAL" only upon a good faith belief that the documents, information or material contains confidential or proprietary information or trade secrets of the Party or a Third Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such documents, information or material.

7. Documents, information or material produced pursuant to any discovery request in this Action, including but not limited to Protected Material designated as DESIGNATED MATERIAL, shall be used by the Parties only in the litigation of this Action and shall not be used for any other purpose. Any person or entity who obtains access to DESIGNATED MATERIAL or the contents thereof pursuant to this Order shall not make any copies, duplicates, extracts, summaries, or descriptions of such DESIGNATED MATERIAL or any portion thereof except as may be reasonably necessary in the litigation of this Action. Any such copies, duplicates, extracts, summaries, or descriptions shall be classified DESIGNATED MATERIALS and subject to all of the terms and conditions of this Order.

8. To the extent a producing Party believes that certain Protected Material qualifying to be designated "CONFIDENTIAL" is so sensitive that its dissemination deserves even further limitation, the producing Party may designate such Protected Material "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or to the extent such Protected Material includes computer source code (*i.e.*, a text listing of computer instructions, commands and data definitions expressed in a form suitable for input to an assembler, compiler, or other translator) and/or live data (that is, data as it exists residing in a database

or databases) ("Source Code Material"), the producing Party may designate such Protected Material as "HIGHLY CONFIDENTIAL – SOURCE CODE."

9. For Protected Material designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," access to, and disclosure of, such Protected Material shall be limited to individuals listed in paragraphs 5(a–b) and (e–g).

10. For Protected Material designated "HIGHLY CONFIDENTIAL – SOURCE CODE," the following additional restrictions apply:

   (a) **Location of Production:** Any source code produced in discovery shall be made available for inspection at a mutually agreed upon location.

   (b) **Format for Production:** The source code is to be provided in native, computer searchable format with the original path names (*e.g.*, the directory tree pertinent to the produced files). Native format means electronic files in the format that they are kept and used by the producing Party in the ordinary course of its business containing native text not produced through any process involving optical character recognition.

   (c) **Times for Inspection:** The receiving Party will make its initial request to view source code at least ten (10) business days in advance of the proposed date of inspection, and not less than five (5) business days in advance of any requested inspection thereafter. The receiving Party shall make reasonable efforts to restrict its requests to inspect source code to normal business hours, which for purposes of this paragraph shall be 8:00 a.m. through 5:00 p.m. However, upon reasonable notice from the receiving Party (which notice must include a specific, reasonable justification as to why the requested inspection could not take place during normal business hours), the producing Party shall make reasonable efforts to accommodate the receiving Party's requests to inspect the source code outside of normal business hours.

   (d) **Source Code Computers:** The source code shall be made available for inspection on two stand-alone, password protected, computers ("Source Code Computer") in a secured room without Internet access or network access to other computers equipped with two display screen or monitors of a size of at least twenty-two (22) inches, a full-size keyboard, and a mouse, and the receiving Party shall not copy, remove, or otherwise transfer any portion of the source code onto any recordable media or recordable device. The producing Party shall provide the receiving Party with information explaining how to start, log on to, and operate the Source Code Computers in order to access the produced source code. The producing Party shall provide the receiving Party's source code reviewers with an unmonitored "breakout room" that is separate from the room containing the Source Code Computer(s)

6

where the source code reviewers may securely keep their personal belongings including any electronic devices such as cellular phones and computers and may make and receive phone calls and conduct other work. The receiving Party's source code reviewers shall be provided with Internet access in said breakout room.

(e) **Monitoring:** The producing Party may visually monitor the activities of the receiving Party's representative during source code review, provided that the monitoring takes place either from the entrance doorway to the review room or through an external window into the room, and provided that the screens of the Source Code Computer is not visible to the producing Party. Such monitoring may take place only to ensure that no unauthorized electronic records of the source code are being created or transmitted. This paragraph does not authorize the producing Party to view or record the receiving Party's work product; the producing Party is expressly prohibited from attempting to view or record such work product. The receiving Party's work product includes without limitation: written notes, electronic notes, the screen of the Source Code Computer during the inspection, and the keystrokes entered on the Source Code Computer during the inspection.

(f) **Note Taking:** In addition to the Source Code Computer, the receiving Party's outside counsel and/or expert may take notes relating to the source code material. The receiving Party's outside counsel and/or expert may not copy the source code into the notes. However, the notes may include filenames, function names, variable names, and line numbers.

(g) **Source Code Review Software:** The producing Party shall install on the Source Code Computers reasonable analysis tools appropriate for the type of source code being made available for inspection thereon. The receiving Party may request that additional commercially available licensed software tools for reviewing and searching source code be installed on the Source Code Computer. The receiving Party must provide the producing Party with a CD/DVD/USB drive or file share link containing such software tool(s) or a link for downloading such software tool(s), and any necessary licenses, at least seven (7) days in advance of the date upon which the receiving Party wishes to have the additional software tools available for use on the Source Code Computer. The producing Party will install the foregoing requested tools; however, the producing Party will not install any tools that permit the compiling of source code.

(h) **Requesting Paper Copies of Source Code:** The receiving Party may request paper copies of up to 500 pages of source code with not more than 25 consecutive pages that are reasonably necessary for the preparation of court filings, pleadings, expert reports, or other papers, or for deposition or trial, but shall not request paper copies for the purposes of reviewing the source code other than electronically as set forth herein in the first instance. If the receiving Party requests additional pages beyond the 300-page limit prescribed herein, the Parties will meet and confer to discuss the reasonableness of the receiving Party's request. The producing Party will not unreasonably withhold its consent to such additional pages. The producing Party shall provide any requested paper copies of source code by hand delivery, Federal

  Express (tracking capability required), or other similarly reliable courier (tracking capability required) sent within two (2) business days of the request. Such paper copies shall be in paper form including Bates numbers and the label "HIGHLY CONFIDENTIAL – SOURCE CODE." The receiving Party shall maintain all paper copies of any printed portions of the source code in a secured, locked area. The receiving Party may also temporarily keep the paper copies at: (1) the Court for any proceedings relating to the source code; (2) the sites where any depositions relating to the source code are taken; and (3) any intermediate location reasonably necessary to transport the paper copies (*e.g.*, a hotel prior to a Court proceeding or deposition). Source code kept in these locations must still be maintained in a secured, locked area—*e.g.*, a locked safe in a hotel room or a locked room in a courthouse or deposition room—at all times when it is not being used. Upon request by the producing Party, the receiving Party shall provide reasonable assurances and/or descriptions of the security measures employed by the receiving Party and/or qualified person that receives a copy of any portion of the source code.

(i) **Log of Paper Copies of Source Code:** The receiving Party shall maintain a record of any individual who has inspected any portion of the source code in paper form. The record shall include the names of the recipients and reviewers of copies.

(j) **Additional Copies of Paper Copies of Source Code:** The receiving Party shall not create any electronic or other images of the paper copies and shall not convert any of the information contained in the paper copies into any electronic format. The receiving Party shall be permitted to make up to two additional paper copies of printed source code. Additional paper copies are permitted if such additional copies are (1) necessary to prepare court filings, pleadings, or other papers (including a testifying expert's expert report), (2) necessary for deposition, or (3) otherwise necessary for the preparation of its case.

(k) **Use of Source Code at Depositions:** Any paper copies used during a deposition shall be retrieved by the producing Party at the end of each day and must not be given to or left with a court reporter or any other unauthorized individual.

(l) **Use of Source Code in Pleadings and Other Documents:** A receiving Party may include excerpts of source code in a pleading, exhibit, expert report, discovery document, deposition transcript, or other Court document, provided that the source code documents are appropriately marked under this Protective Order, restricted to those who are entitled to have access to them as specified herein, and, if filed with the Court, filed under seal in accordance with the Court's rules, procedures and orders. To the extent portions of source code are quoted in such a document, the parties shall attempt to either (1) stamp the entire document as "HIGHLY CONFIDENTIAL – SOURCE CODE" or (2) separately stamp those pages containing quoted source code as "HIGHLY CONFIDENTIAL – SOURCE CODE."

(m) **Transportation of Source Code:** A producing Party's source code may only be transported by the receiving Party at the direction of a person authorized to access

    such materials to another person authorized to access such materials on paper via hand carry, Federal Express (tracking capability required), or other similarly reliable courier (tracking capability required).

11. Any attorney representing a Party, whether in-house or outside counsel, and any person associated with a Party and permitted to receive the other Party's Protected Material that is designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" and/or "HIGHLY CONFIDENTIAL – SOURCE CODE" and directed to technical information relevant to the case, but excluding financial data or non-technical business information (collectively "HIGHLY SENSITIVE MATERIAL"), who obtains, receives, or otherwise learns, in whole or in part, the other Party's HIGHLY SENSITIVE MATERIAL under this Order shall not prepare, prosecute, supervise, or assist in the preparation or prosecution of any patent application pertaining to the field of the invention of the patents-in-suit during the pendency of this Action and for one year after its conclusion, including any appeals or two years after such person last reviewed the HIGHLY SENSITIVE MATERIAL, whichever is earlier. These prohibitions shall not preclude the parties' litigation counsel from participating in any *inter partes* review, CBM, or post-grant review proceedings, provided there is no attempt to amend any claims in the proceedings by any counsel for patent owner during the course of the proceedings. To ensure compliance with the purpose of this provision, each Party shall create an "Ethical Wall" between those persons with access to HIGHLY SENSITIVE MATERIAL and any individuals who, on behalf of the Party or its acquirer, successor, predecessor, or other affiliate, prepare, prosecute, supervise or assist in the preparation or prosecution of any patent application pertaining to the field of invention of the patent-in-suit.

12. Nothing in this Order shall require production of documents, information or other material that a Party contends is protected from disclosure by the attorney-client privilege, the work

product doctrine, or other privilege, doctrine, or immunity. Pursuant to Fed. R. Evid. 502(d), if documents, information or other material subject to a claim of attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity is inadvertently or unintentionally produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any such privilege, doctrine, or immunity. Any Party that inadvertently or unintentionally produces documents, information or other material it reasonably believes are protected under the attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity may obtain the return of such documents, information or other material by promptly notifying the recipient(s) and providing a privilege log for the inadvertently or unintentionally produced documents, information or other material. The recipient(s) shall immediately gather and return all copies of such documents, information or other material to the producing Party, except for any pages containing privileged or otherwise protected markings by the recipient(s), which pages shall instead be destroyed and certified as such to the producing Party.

13. There shall be no disclosure of any DESIGNATED MATERIAL by any person authorized to have access thereto to any person who is not authorized for such access under this Order. The Parties are hereby ORDERED to safeguard all such documents, information and material to protect against disclosure to any unauthorized persons or entities.

14. Nothing contained herein shall be construed to prejudice any Party's right to use any DESIGNATED MATERIAL in taking testimony at any deposition or hearing provided that the DESIGNATED MATERIAL is only disclosed to a person(s) who is: (i) identified in the DESIGNATED MATERIAL as an author, addressee, or copy recipient of such information,

(ii) although not identified as an author, addressee, or copy recipient of such DESIGNATED MATERIAL, has, in the ordinary course of business, seen such DESIGNATED MATERIAL, (iii) a current officer or director of the producing Party or a designee under Fed. R. Civ. P. 30(b)(6) to testify on behalf of the producing Party; (iv) counsel for a Party, including outside counsel and in-house counsel (subject to paragraph 9 of this Order); (v) an independent contractor, consultant, and/or expert retained by the producing Party for the purpose of this litigation; or (vi) other persons entitled hereunder to access to DESIGNATED MATERIAL. DESIGNATED MATERIAL shall not be disclosed to any other persons unless prior authorization is obtained from counsel representing the producing Party or from the Court.

15. Parties may, at the deposition or hearing or within thirty (30) days after receipt of a deposition or hearing transcript, designate the deposition or hearing transcript or any portion thereof as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" pursuant to this Order. Access to the deposition or hearing transcript so designated shall be limited in accordance with the terms of this Order. Until expiration of the 30-day period, the entire deposition or hearing transcript shall be treated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

16. Any DESIGNATED MATERIAL that is filed with the Court shall be filed under seal and shall remain under seal until further order of the Court. The filing Party shall be responsible for informing the Clerk of the Court that the filing should be sealed and for placing the legend "FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER" above the caption and conspicuously on each page of the filing. Exhibits to a filing shall conform

to the labeling requirements set forth in this Order. If a pretrial pleading filed with the Court, or an exhibit thereto, discloses or relies on confidential documents, information, or material, such confidential portions shall be redacted to the extent necessary and the pleading or exhibit filed publicly with the Court.

17. The Order applies to pretrial discovery. Nothing in this Order shall be deemed to prevent the Parties from introducing any DESIGNATED MATERIAL into evidence at the trial of this Action, or from using any information contained in DESIGNATED MATERIAL at the trial of this Action, subject to any pretrial order issued by this Court.

18. A Party may request in writing to the other Party that the designation given to any DESIGNATED MATERIAL be modified or withdrawn. If the producing Party does not agree to re-designation within ten (10) days of receipt of the written request, the requesting Party may apply to the Court for relief. Upon any such application to the Court, the burden shall be on the producing Party to show why its classification is proper. Such application shall be treated procedurally as a motion to compel pursuant to Federal Rules of Civil Procedure 37, subject to the Rule's provisions relating to sanctions. In making such application, the requirements of the Federal Rules of Civil Procedure and the Local Rules of the Court shall be met. Pending the Court's determination of the application, the designation of the producing Party shall be maintained.

19. Each outside consultant or expert to whom DESIGNATED MATERIAL is disclosed in accordance with the terms of this Order shall be advised by counsel of the terms of this Order, shall be informed that they are subject to the terms and conditions of this Order, and shall sign an acknowledgment that they have received a copy of, has read, and has agreed to be bound by this Order. A copy of the acknowledgment form is attached as Exhibit A.

20. To the extent that any discovery is taken of persons who are not Parties to this Action ("Third Parties") and in the event that such Third Parties contended the discovery sought involves trade secrets, confidential business information, or other proprietary information, then such Third Parties may agree to be bound by this Order.

21. To the extent that discovery or testimony is taken of Third Parties, the Third Parties may designate as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" any documents, information, or other material, in whole or in part, produced or given by such Third Parties.

22. Within thirty (30) days of final termination of this Action, including any appeals, all DESIGNATED MATERIAL, including all copies, duplicates, abstracts, indexes, summaries, descriptions, and excerpts or extracts thereof (excluding excerpts or extracts incorporated into any privileged memoranda of the Parties and materials which have been admitted into evidence in this Action), shall at the producing Party's election either be returned to the producing Party or be destroyed. The receiving Party shall verify the return or destruction by affidavit furnished to the producing Party, upon the producing Party's request.

23. The failure to designate documents, information or material in accordance with this Order and the failure to object to a designation at a given time shall not preclude the filing of a motion at a later date seeking to impose such designation or challenging the propriety thereof. The entry of this Order and/or the production of documents, information and material hereunder shall in no way constitute a waiver of any objection to the furnishing thereof, all such objections being hereby preserved.

24. Any Party knowing or believing that any other Party is in violation of or intends to violate this Order and has raised the question of violation or potential violation with the opposing

        Party and has been unable to resolve the matter by agreement may move the Court for such relief as may be appropriate in the circumstances. Pending disposition of the motion by the Court, the Party alleged to be in violation of or intending to violate this Order shall discontinue the performance of and/or shall not undertake the further performance of any action alleged to constitute a violation of this Order.

25. Production of DESIGNATED MATERIAL by each of the Parties shall not be deemed a publication of the documents, information and material (or the contents thereof) produced so as to void or make voidable whatever claim the Parties may have as to the proprietary and confidential nature of the documents, information or other material or its contents.

26. Nothing in this Order shall be construed to effect an abrogation, waiver or limitation of any kind on the rights of each of the Parties to assert any applicable discovery or trial privilege.

27. Each of the Parties shall also retain the right to file a motion with the Court (a) to modify this Order to allow disclosure of DESIGNATED MATERIAL to additional persons or entities if reasonably necessary to prepare and present this Action and (b) to apply for additional protection of DESIGNATED MATERIAL.

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | |
|---|---|
| WSOU INVESTMENTS, LLC D/B/A BRAZOS LICENSING AND DEVELOPMENT,<br><br>Plaintiff,<br><br>v.<br><br>JUNIPER NETWORKS, INC.,<br><br>Defendant. | Nos. 6:20-cv-00812-ADA<br>6:20-cv-00813-ADA<br>6:20-cv-00814-ADA<br>6:20-cv-00815-ADA<br>6:20-cv-00902-ADA<br>6:20-cv-00903-ADA |

**EXHIBIT A**
**UNDERTAKING REGARDING PROTECTIVE ORDER**

I, _____, declare that:

1. My address is _____.

   My current employer is _____.

   My current occupation is _____.

2. I have received a copy of the Protective Order in this action. I have carefully read and understand the provisions of the Protective Order.

3. I will comply with all of the provisions of the Protective Order. I will hold in confidence, will not disclose to anyone not qualified under the Protective Order, and will use only for purposes of this action any information designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" that is disclosed to me.

4. Promptly upon termination of these actions, I will return all documents and things designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" that came into my

1

      possession, and all documents and things that I have prepared relating thereto, to the outside counsel for the Party by whom I am employed.

5.      I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this action.

      I declare under penalty of perjury that the foregoing is true and correct.

Signature _____

Date _____