# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
### WACO DIVISION

| | |
|---|---|
| WSOU INVESTMENTS, LLC D/B/A BRAZOS LICENSING AND DEVELOPMENT,<br><br>    Plaintiff,<br><br>  v.<br><br>JUNIPER NETWORKS, INC.,<br><br>    Defendant. | Nos.  6:20-cv-00812-ADA<br>6:20-cv-00813-ADA<br>6:20-cv-00814-ADA<br>6:20-cv-00815-ADA<br>6:20-cv-00902-ADA<br>6:20-cv-00903-ADA<br><br>**<u>JURY TRIAL DEMANDED</u>** |

## BRAZOS'S OPPOSITION TO JUNIPER'S MOTION TO DISMISS BRAZOS'S FIRST AMENDED COMPLAINTS

## TABLE OF CONTENTS

I.     INTRODUCTION ....................................................................................................1

II.    BACKGROUND .....................................................................................................1

III.   LEGAL STANDARD.............................................................................................2

IV.   BRAZOS HAS SUFFICIENTLY PLED INDIRECT INFRINGEMENT .........................4

      A.    Brazos Sufficiently Alleges the Requisite Knowledge for Indirect
           Infringement.................................................................................................4

           1.    The Law Does Not Require Brazos to Plead Pre-Suit Knowledge    4

           2.    Dismissing These Claims, Even Without Prejudice, Will Be
                Inefficient    9

      B.    Brazos Sufficiently Pleads Specific Intent for Induced Infringement ..................10

      C.    Brazos Sufficiently Alleges Contributory Infringement.........................................13

V.     CONCLUSION.......................................................................................................15

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*3Shape A/S v. Align Tech., Inc.*,
No. 1:18-cv-886, 2019 WL 1416466 (D. Del. Mar. 29, 2019)..........................................13, 14

*Addiction & Detoxification Inst. L.L.C. v. Carpenter*,
620 F. App'x 934 (Fed. Cir. 2015) ...........................................................................................11

*Affinity Labs of Texas, LLC v. Toyota Motor North Am., Inc.*,
No. 6:13-cv-365, 2014 WL 2892285 (W.D. Tex. May 12, 2014).......................................5, 11

*Aguirre v. Powerchute Sports, LLC*,
No. 5:10-cv-702, 2011 WL 2471299 (W.D. Tex. June 17, 2011).........................................7, 8

*Aguirre v. Powerchute Sports, LLC*,
No. 5:10-cv-702, 2011 WL 3359554 (W.D. Tex. Aug. 4, 2011) .............................................8

*Artrip v. Ball Corp.*,
735 F. App'x 708 (Fed. Cir. 2018) ..........................................................................................14

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009).............................................................................................................3, 14

*Aspex Eyewear, Inc. v. Marchon Eyewear, Inc.*,
672 F.3d 1335 (Fed. Cir. 2012)..................................................................................................5

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007)........................................................................................................3, 7, 14

*In re Bill of Lading Transmission & Processing Sys. Patent Litig.*,
681 F.3d 1323 (Fed. Cir. 2012).......................................................................................*passim*

*C.f. Driessen v. Sony Music Ent.*,
No. 2:09-cv-140, 2013 WL 4501063 (D. Utah Aug. 22, 2013)........................................11, 14

*Canon, Inc. v. TCL Elecs. Holdings Ltd.*,
No. 2:18-cv-546, 2020 WL 1478356 (E.D. Tex. Mar. 25, 2020).............................................12

*Conair Corp. v. Jarden Corp.*,
No. 1:13-cv-6702, 2014 WL 3955172 (S.D.N.Y. Aug. 12, 2014) ...........................................13

*Crypto Rsch., LLC v. Assa Abloy, Inc.*,
236 F. Supp. 3d 671 (E.D.N.Y. 2017) ....................................................................................13

*Cywee Grp. Ltd. v. Huawei Device Co.*,
   No. 2:17-cv-495, 2018 WL 3819392 (E.D. Tex. Aug. 10, 2018).......................................4, 12

*Doe v. MySpace, Inc.*,
   528 F.3d 413 (5th Cir. 2008) ...................................................................................................4

*E.I. Du Pont de Nemours and Co. v. Heraeus Holding GmbH*,
   No. 1:11-cv-773, 2012 WL 4511258 (D. Del. Sept. 28, 2012) ................................................8

*Eon Corp. IP Holdings, LLC v. Sensus USA, Inc.*,
   No. 3:12-cv-1011, 2012 WL 4514138 (N.D. Cal. Oct. 1, 2012) ..............................................5

*Erickson v. Pardus*,
   551 U.S. 89 (2007)...................................................................................................................3

*Inhale, Inc. v. Gravitron, LLC*,
   No. 1:18-cv-762, 2018 WL 7324886 (W.D. Tex. Dec. 10, 2018) ............................................7

*InMotion Imagery Techs. v. Brain Damage Films*,
   No. 2:11-CV-414, 2012 WL 3283371 (E.D. Tex. Aug. 10, 2012) ....................................6, 10

*Innova Hosp. San Antonio, L.P. v. Blue Cross and Blue Shield of Ga., Inc.*,
   892 F.3d 719 (5th Cir. 2018) ...................................................................................................3

*IOENGINE, LLC v. PayPal Holdings, Inc.*,
   No. 1:18-cv-452, 2019 WL 330515 (D. Del. Jan. 25, 2019) ...................................................8

*Labyrinth Optical Techs., LLC v. Fujitsu Am., Inc.*,
   No. 8:13-cv-30, 2013 WL 12126111 (C.D. Cal. Aug. 21, 2013) ....................................4, 5, 8

*Lewis v. Fresne*,
   252 F.3d 352 (5th Cir. 2001) ...................................................................................................3

*Lifetime Indus., Inc. v. Trim-Lok, Inc.*,
   869 F.3d 1372 (Fed. Cir. 2017)................................................................................................7

*Lochner Techs., LLC v. At Labs Inc.*,
   No. 2:11-cv-242, 2012 WL 2595288 (E.D. Tex. July 5, 2012)............................................6, 9

*Lormand v. U.S. Unwired, Inc.*,
   565 F.3d 228 (5th Cir. 2009) ...................................................................................................2

*Meetrix IP, LLC v. Cisco Sys., Inc.*,
   No. 1:18-cv-309, 2018 WL 8261315 (W.D. Tex. Nov. 30, 2018) ...........................................5

*Merck & Co. v. Danbury Pharmacal, Inc.*,
   873 F.2d 1418 (Fed. Cir. 1989)..............................................................................................10

*Merck Sharp & Dohme Corp. v. Teva Pharms. USA, Inc.*,
  No. 1:14-cv-874, 2015 WL 4036951 (D. Del. July 1, 2015)...................................................13

*Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*,
  545 U.S. 913 (2005)....................................................................................................10

*Motiva Patents, LLC v. Sony Corp.*,
  408 F. Supp. 3d 819 (E.D. Tex. 2019)........................................................................ *passim*

*Nalco Co. v. Chem–Mod, LLC*,
  883 F.3d 1337 (Fed. Cir. 2018)...............................................................................4, 12

*Niazi v. Pressure Prods. Med. Supplies, Inc.*,
  No. 3:16-cv-670, 2017 WL 108114 (W.D. Wis. Jan. 11, 2017)...........................................12

*Parity Networks, LLC v. Cisco Sys., Inc.*,
  No. 6:19-cv-207, 2019 WL 3940952 (W.D. Tex. July 26, 2019).....................................5, 10

*Parus Holdings Inc. v. Apple*,
  No. 6:19-cv-432 (W.D. Tex. Feb. 20, 2020)....................................................................8

*Proxyconn Inc. v. Microsoft Corp.*,
  No. 8:11-cv-1681, 2012 WL 1835680 (C.D. Cal. May 16, 2012).........................................8

*Regents of the Univ. of Minn. v. AT&T Mobility LLC*,
  135 F. Supp. 3d 1000 (D. Minn. 2015)....................................................................6, 8

*Richardson v. Axion Logistics, L.L.C.*,
  780 F.3d 304 (5th Cir. 2015) .........................................................................................3

*Ricoh Co. v. Quanta Comp. Inc.*,
  550 F.3d 1325 (Fed. Cir. 2008)...........................................................................9, 10, 13

*Script Sec. Sols. L.L.C. v. Amazon.com, Inc.*,
  170 F. Supp. 3d 928 (E.D. Tex. 2016)........................................................................5, 12

*Slyce Acquisition, Inc. v. Syte - Visual Conception, Ltd.*,
  422 F. Supp. 3d 1191 (W.D. Tex. 2019) ........................................................................2

*Test Masters Educ. Servs., Inc. v. Singh*,
  428 F.3d 559 (5th Cir. 2005) ........................................................................................2

*Tierra Intellectual Borinquen, Inc. v. ASUS Comp. Int'l, Inc.*,
  No. 2:13-cv-44, 2014 WL 1233040 (E.D. Tex. Mar. 24, 2014).........................................6

*Trading Techs. Int'l, Inc. v. BCG Partners, Inc.*,
  No. 1:10-cv-715, 2011 WL 3946581 (N.D. Ill. Sept. 2, 2011).........................................6

*Uniloc USA v. Motorola Mobility LLC*,
No. 2:16-cv-989, 2017 WL 3721064 (E.D. Tex. May 15, 2017) ............................................6

*Univ. of Massachusetts Med. School v. L'Oréal S.A.*,
No. 1:17-cv-868, 2018 WL 5919745 (D. Del. Nov. 13, 2018).................................................13

*VLSI Tech. LLC v. Intel Corp.*,
No. 1:18-cv-966, 2019 WL 1349468 (D. Del. Mar. 26, 2019).................................................7

*VLSI Tech., LLC v. Intel Corp.*,
No. 1:19-cv-977, 2019 WL 11025759 (W.D. Tex. Aug. 6, 2019) ............................................8

*Walker Digital, LLC v. Facebook, Inc.*,
852 F. Supp. 2d 559 (D. Del. 2012)................................................................................6, 7, 8

*WSOU Investments, LLC v. Dell Techs., Inc.*,
No. 6:20-cv-478, Dkt. 73 (W.D. Tex. Dec. 22, 2020) ............................................................8

*Xpoint Techs., Inc. v. Microsoft Corp.*,
730 F. Supp. 2d 349 (D. Del. 2010)................................................................................7, 8

*YETI Coolers, LLC v. RTIC Coolers*, LLC,
No. 1:16-CV-264, 2016 WL 3970978 (W.D. Tex. July 19, 2016).........................................10

*ZapFraud, Inc. v. Barracuda Networks, Inc.*,
No. 1:19-cv-1687, 2021 WL 1134687 (D. Del. Mar. 24, 2021) ............................................7

**Other Authorities**

Fed. R. Civ. P. 12(b)(6)................................................................................................4

Fed. R. Civ. P. 12(c) ...................................................................................................4

## I.     **INTRODUCTION**

Brazos's First Amended Complaints are sufficient to put Juniper on "fair notice" of the indirect infringement claims asserted against it and satisfy the *Twombly/Iqbal* pleading standard. Juniper's attempt to impose a higher and different pleading standard fails. Juniper misconstrues the law and misunderstands that dismissing Brazos's claims without prejudice in these cases while the parties are already pursing discovery on these claims is neither required nor efficient. Juniper's motion should be denied.

## II.    **BACKGROUND**

Brazos filed its initial complaints against Juniper on September 4, 2020 and September 30, 2020, alleging direct and indirect infringement of U.S. Patent Nos. 7,382,781; 7,486,998; 7,518,990; 7,596,140; 7,620,273; and 8,284,656 (the "Asserted Patents"). Dkt. 1.[1]  Juniper filed Answers and Counterclaims in response to Brazos's complaints. Dkt. 16. The parties then proceeded to litigate the cases, including by serving initial infringement contentions and invalidity contentions, and completing claim construction briefing. Dkts. 38, 42, 43, 54, 60. The *Markman* hearing is set for June 24, 2021 (rescheduled from June 3, 2021), and trial is set for July 11, 2022. Dkts. 38, 68.

On April 28, 2021, Juniper filed a motion for judgment on the pleadings, seeking dismissal of Brazos's indirect infringement claims. Dkt. 48. In response, Brazos filed First Amended Complaints ("FACs") in each case that provided additional details to its already sufficient allegations. No. 6:20-cv-00812-ADA, Dkt. 58; No. 6:20-cv-00813-ADA, Dkt. 57; No. 6:20-cv-00814-ADA, Dkt. 54; No. 6:20-cv-00815-ADA, Dkt. 55; No. 6:20-cv-00902-ADA, Dkt. 49; No. 6:20-cv-00903-ADA, Dkt. 50.

---

[1] Citations to "Dkt." refer to the docket in Case No. 6:20-cv-00812, unless otherwise stated.

1

Brazos's indirect infringement claims allege, among other things, that at least as of service of the initial complaints, Juniper knowingly and actively induces and contributes to direct infringement "by instructing end-users regarding the operation and use of the Accused Products in ways that practice the claimed invention" and "by having others sell, offer for sale, or use the Accused Products," even after being put on actual notice of the infringement.  Dkt. 58 at ¶¶ 34–37.  Brazos further alleges that Juniper has made and/or sold the Accused Products with knowledge that they have "special features that are especially made or adapted for infringing the Patents and are not staple articles of commerce suitable for substantial non-infringing use." *Id*. at ¶ 37.

After Brazos filed its FACs, counsel for Juniper asked Brazos to dismiss its indirect infringement claims, arguing that a refusal to dismiss by Brazos was "baseless."  Mot., Ex. A at 4.  Brazos disagreed that the law or any decision or rule from this Court required it to dismiss its properly pled claims, and explained that it made little sense to dismiss its indirect infringement claims in these cases when Brazos is permitted to add in the same claims after taking some discovery, which was set to open the following week.  *Id*. at 2.  Juniper did not respond.  Instead, on May 26, 2021, Juniper filed its motion to dismiss and incorrectly stated that Brazos refused to explain the basis for opposing the motion.  Dkt. 70 at 1.  The following week, on June 4, 2021, fact discovery opened and Brazos served its initial discovery requests on Juniper, including requests seeking information related to its indirect infringement claims.  Dkt. 38 at 3.

III.    **LEGAL STANDARD**

In the Fifth Circuit, motions to dismiss under Rule 12(b)(6) "are viewed with disfavor and are rarely granted." *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009) (quoting *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 570 (5th Cir. 2005)); *accord Slyce Acquisition, Inc. v. Syte - Visual Conception, Ltd.*, 422 F. Supp. 3d 1191, 1198 (W.D. Tex.

2019) (Albright, J.).  The court must "accept all well-pleaded facts as true and view those facts in the light most favorable to the plaintiff." *Innova Hosp. San Antonio, L.P. v. Blue Cross and Blue Shield of Ga., Inc.*, 892 F.3d 719, 726 (5th Cir. 2018) (quoting *Richardson v. Axion Logistics, L.L.C.*, 780 F.3d 304, 304–05 (5th Cir. 2015)).  Further, "[a]ll questions of fact and any ambiguities in the current controlling substantive law must be resolved in the plaintiff's favor." *Lewis v. Fresne*, 252 F.3d 352, 357 (5th Cir. 2001).

A complaint survives a Rule 12(b)(6) motion to dismiss if its facts, accepted as true and viewed in the light most favorable to the plaintiff, "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  The plausibility standard "simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence" in support of the alleged claims.  *Twombly*, 550 U.S. at 556.  "And, of course, a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'"  *Id.* (internal citation omitted); *accord Innova*, 892 F.3d at 726.  "Thus, particularly where the relevant information is beyond the access of the plaintiff, courts should generally permit discovery to proceed unless the complaint recites no more than sheer speculation about the plaintiff's entitlement to relief."  *Motiva Patents, LLC v. Sony Corp.*, 408 F. Supp. 3d 819, 827 (E.D. Tex. 2019).

A plaintiff is not required to prove its case at the pleading stage.  *See In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1339 (Fed. Cir. 2012).  "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (alteration in original) (quoting *Twombly*, 550 U.S. at 555).  Additionally, "the Federal Rules of

Civil Procedure do not require a plaintiff to plead facts establishing that each element of an asserted claim is met." *Nalco Co. v. Chem–Mod, LLC*, 883 F.3d 1337, 1350 (Fed. Cir. 2018) (citing *Bill of Lading*, 681 F.3d at 1335); *accord Cywee Grp. Ltd. v. Huawei Device Co.*, No. 2:17-cv-495, 2018 WL 3819392, at *5 (E.D. Tex. Aug. 10, 2018).[2]

## IV.   BRAZOS HAS SUFFICIENTLY PLED INDIRECT INFRINGEMENT

### A.   Brazos Sufficiently Alleges the Requisite Knowledge for Indirect Infringement

Juniper's contention that Brazos's indirect infringement claims should be dismissed for failure to allege pre-suit knowledge (Mot. at 4–6) is incorrect.  Juniper misunderstands the law and the practice, implemented by this Court in certain cases, that allows repleading of indirect infringement claims after discovery.  Neither holds that pre-suit knowledge is required to state a claim of indirect infringement.  Indeed, Federal Circuit law shows otherwise.  *See Bill of Lading*, 681 F.3d at 1345.  And the Court's practice, which turns on procedure and timing rather than substantive law, should not apply here, where the parties have already begun discovery into these issues.

### 1.   The Law Does Not Require Brazos to Plead Pre-Suit Knowledge

"[T]he Federal Circuit [] held that knowledge of the asserted patent from a complaint in the same case is sufficient to meet the knowledge requirement of indirect infringement." *Labyrinth Optical Techs., LLC v. Fujitsu Am., Inc.*, No. 8:13-cv-30, 2013 WL 12126111, at *4 (C.D. Cal. Aug. 21, 2013) (discussing and citing *Bill of Lading*, 681 F.3d at 1345); *see also Eon*

---

[2] Although Juniper states that its motion is brought, in the alternative, under Rule 12(c), Juniper has not yet answered the amended complaints and the pleadings are not yet closed.  *See* Fed. R. Civ. P. 12(c) ("*After the pleadings are closed* — but early enough not to delay trial — a party may move for judgment on the pleadings." (emphasis added)).  Nevertheless, the pleading standard for a Rule 12(c) motion is "the same standard as a motion to dismiss under Rule 12(b)(6)."  *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008).

*Corp. IP Holdings, LLC v. Sensus USA, Inc*., No. 3:12-cv-1011, 2012 WL 4514138, at *1 (N.D. Cal. Oct. 1, 2012) ("Though the claims for indirect infringement both require knowledge of the patent, the Federal Circuit has recently held that post-filing knowledge is sufficient to meet this requirement."). This conclusion is consistent with Federal Circuit authority stating that a party "may seek to pursue claims that accrue during the pendency of a lawsuit." *Aspex Eyewear, Inc. v. Marchon Eyewear, Inc.*, 672 F.3d 1335, 1345 (Fed. Cir. 2012). Courts have held that because *Bill of Lading*'s determination that pre-suit knowledge is not required to state a claim for indirect infringement "rises to the level of a substantive question of patent law [,] . . . , *Bill of Lading* is [] binding authority on this point." *Labyrinth*, 2013 WL 12126111, at *6; *accord Eon*, 2012 WL 4514138, at *1.

Following *Bill of Lading*, courts in this District have denied motions to dismiss, like this one, premised on a failure to allege pre-suit knowledge. *See Meetrix IP, LLC v. Cisco Sys., Inc*., No. 1:18-cv-309, 2018 WL 8261315, at *3 (W.D. Tex. Nov. 30, 2018) (citing *Bill of Lading* and denying motion to dismiss post-suit indirect infringement); *Affinity Labs of Texas, LLC v. Toyota Motor North Am., Inc.*, No. 6:13-cv-365, 2014 WL 2892285, at *5 (W.D. Tex. May 12, 2014) ("[T]he Court agrees with the line of cases holding that a defendant's knowledge of a patent can be established through the filing of the complaint."). Further, this Court has recognized that the "knowledge of the patent" requirement may be "pre-suit or *post*-suit knowledge" and simply serves to limit damages "to the time period that begins when defendant learns of the patent's existence." *Parity Networks, LLC v. Cisco Sys., Inc.*, No. 6:19-cv-207, 2019 WL 3940952, at *2 (W.D. Tex. July 26, 2019).

The majority of other courts considering the issue, including in East Texas and Delaware, agree that pre-suit knowledge is not required to state a claim of indirect infringement. *Script Sec.*

*Sols. L.L.C. v. Amazon.com, Inc.*, 170 F. Supp. 3d 928, 937 (E.D. Tex. 2016); *see also*, *e.g.*, *Uniloc USA v. Motorola Mobility LLC*, No. 2:16-cv-989, 2017 WL 3721064, at *4 (E.D. Tex. May 15, 2017) ("[T]his Court has long recognized that failing to allege pre-suit knowledge of the patent is not an adequate basis upon which to dismiss indirect infringement claims."); *Tierra Intellectual Borinquen, Inc. v. ASUS Comp. Int'l, Inc.*, No. 2:13-cv-44, 2014 WL 1233040, at *2 (E.D. Tex. Mar. 24, 2014) ("A pre-suit knowledge requirement for induced infringement would lead to absurd results.  If pre-suit knowledge were required, companies would have carte blanche to induce infringement purposefully provided that they were unaware of the patent prior to suit."); *InMotion Imagery Techs. v. Brain Damage Films*, No. 2:11-cv-414, 2012 WL 3283371, at *3 (E.D. Tex. Aug. 10, 2012) ("Failing to allege pre-suit knowledge of the patent 'is not a basis to dismiss [plaintiff's] indirect infringement claims; as it cannot be disputed that [plaintiff] *does* sufficiently plead that the Moving Defendants had knowledge of the asserted patent for at least some time during the infringing period.'") (quoting *Lochner Techs., LLC v. At Labs Inc.*, No. 2:11-cv-242, 2012 WL 2595288, at *3 ( E.D. Tex. July 5, 2012)); *Walker Digital, LLC v. Facebook, Inc*., 852 F. Supp. 2d 559, 565 (D. Del. 2012) ("[T]here is no legal impediment to having an indirect infringement cause of action limited to post-litigation conduct," and "a defendant's receipt of the complaint and decision to continue its conduct despite the knowledge gleaned from the complaint" is sufficient to plead induced infringement.); *Trading Techs. Int'l, Inc. v. BCG Partners, Inc*., No. 1:10-cv-715, 2011 WL 3946581, at *4 (N.D. Ill. Sept. 2, 2011) ("The Court sees no reason why a defendant who is directly infringing on a product should avoid liability for an indirect infringement claim when it continues to sell the allegedly infringing product and encourages others to infringe, simply because it happened to learn of the patent in connection with a lawsuit."); *see also Regents of the Univ. of Minn. v. AT&T Mobility LLC*, 135

F. Supp. 3d 1000, 1010–12 (D. Minn. 2015) (surveying district courts and finding that courts in Delaware, East Texas, Northern California, and Northern Illinois have allowed post-complaint inducement to be pleaded based on knowledge acquired as a result of the defendant's receipt of the complaint).[3]

Juniper's contention that *Bill of Lading* is no longer good law and is "obsolete" because it relied on a now-defunct Form 18 pleading standard (Mot. at 6) is misguided.  Form 18 applied only to *direct* infringement, and *Bill of Lading*'s indirect infringement analysis applied the still-applicable *Twombly* standard.  681 F.3d at 1330.  Not only is *Bill of Lading* good law on this point, but it is also considered binding on the issue of whether pre-suit knowledge is required to sustain a claim of indirect infringement.  *See above* at 5; *see also*, *e.g.*, *Lifetime Indus., Inc. v. Trim-Lok, Inc.*, 869 F.3d 1372, 1379 (Fed. Cir. 2017) (relying on *Bill of Lading* to set forth pleading requirements for indirect infringement); *Inhale, Inc. v. Gravitron, LLC*, 1:18-cv-762 2018 WL 7324886, at *2 (W.D. Tex. Dec. 10, 2018) (same).

The authorities cited by Juniper (Mot. at 4–6) are unavailing.  The court in *Aguirre v. Powerchute Sports, LLC*, No. 5:10-cv-702, 2011 WL 2471299, at *3 (W.D. Tex. June 17, 2011) relied on *Xpoint Techs., Inc. v. Microsoft Corp.*, 730 F. Supp. 2d 349 (D. Del. 2010), which has since been expressly **rejected** by Delaware courts.  *See, e.g.*, *Walker Digital*, 852 F. Supp. 2d at 565 (rejecting *Xpoint* and holding that "if a complaint sufficiently identifies . . . the patent at issue and the allegedly infringing conduct, a defendant's receipt of the complaint and decision to continue its conduct despite the knowledge gleaned from the complaint satisfies the requirements

---

[3] Although some Delaware district courts have come to the opposite conclusion, *see* Mot. at 5–6 (citing *ZapFraud, Inc. v. Barracuda Networks, Inc.*, No. 1:19-cv-1687, 2021 WL 1134687, at *4 (D. Del. Mar. 24, 2021); *VLSI Tech. LLC v. Intel Corp.*, No. 1:18-cv-966, 2019 WL 1349468, at *2 (D. Del. Mar. 26, 2019)), such decisions are not binding on this Court and do not represent the majority view.

of *Global–Tech*"); *E.I. Du Pont de Nemours and Co. v. Heraeus Holding GmbH*, No. 1:11-cv-773, 2012 WL 4511258, at \*5 n.2 (D. Del. Sept. 28, 2012) (following *Walker Digital* and rejecting *Xpoint*); *see also IOENGINE, LLC v. PayPal Holdings, Inc.*, No. 1:18-cv-452, 2019 WL 330515, at \*4 & n.1 (D. Del. Jan. 25, 2019); *AT&T Mobility*, 135 F. Supp. 3d at 1011 ("*Xpoint* is clearly no longer the law in the District of Delaware.").  Further, the plaintiff in *Aguirre* never alleged pre-suit or post-suit knowledge in the complaint.  *Aguirre*, 2011 WL 2471299, at \*3; *accord Aguirre v. Powerchute Sports, LLC*, No. 5:10-cv-702, 2011 WL 3359554, at \*5 (W.D. Tex. Aug. 4, 2011).  Juniper's reliance on *Proxyconn Inc. v. Microsoft Corp.*, No. 8:11-cv-1681, 2012 WL 1835680, at \*5–7 (C.D. Cal. May 16, 2012), is also unavailing, as that case was decided *before* the Federal Circuit decided *Bill of Lading* in June 2021.  *See also Labyrinth*, 2013 WL 12126111, at \*6 (explaining that *Bill of Lading* is binding authority on the issue).

In addition, Juniper's citations to *Parus Holdings Inc. v. Apple*, No. 6:19-cv-432 (W.D. Tex. Feb. 20, 2020) (text order granting Dkt. 54), *Castlemorton Wireless, LLC v. Bose Corp.*, No. 6:20-cv-29, Dkt. 51 (W.D. Tex. July 22, 2020), *VLSI Tech., LLC v. Intel Corp.*, No. 1:19-cv-977, 2019 WL 11025759, \*1–2 (W.D. Tex. Aug. 6, 2019), and *WSOU Investments, LLC v. Dell Techs., Inc.*, No. 6:20-cv-478, Dkt. 73 at 73:22–76:17 (W.D. Tex. Dec. 22, 2020), do not support its arguments.  Mot. at 4–6.  None of these cases holds that pre-suit knowledge is required to state a claim of indirect infringement.  Instead, in *Parus* (which the Court followed in its subsequent decisions), this Court dismissed without prejudice the willful and indirect infringement claims so the plaintiff could replead those claims after discovery.  *Parus*, No. 6:19-cv-432, Dkt. 107 at 46:19–48:13 (relevant portions attached as Ex. A).  That way, even if discovery yielded no evidence of pre-suit knowledge and the plaintiff repleaded identical claims,

the Court could address the issue on a motion for summary judgment, rather than a motion to dismiss.  *Id.*  The decision turned on procedure and timing, rather than a substantive determination of whether pre-suit knowledge is required.[4]

Accordingly, pre-suit knowledge is not required to state a claim for indirect infringement. Juniper has not shown, and cannot show, otherwise.  It is undisputed that the FACs allege Juniper's knowledge of the Asserted Patents at least as of the date of service of the initial complaints, and that, despite such knowledge, Juniper continues to "actively and knowingly induce[] customers, product makers, distributors, retailers, and/or end users of the Accused Products to directly infringe one or more claims of the [Asserted Patents] and contribute to those third-parties' infringement."  No. 6:20-cv-00812-ADA, Dkt. 58 at ¶ 33; No. 6:20-cv-00813-ADA, Dkt. 57 at ¶ 38; No. 6:20-cv-00814-ADA, Dkt. 54 at ¶ 32; 6:20-cv-00815-ADA, Dkt. 55 at ¶ 32; No. 6:20-cv-00902-ADA, Dkt. 49 at ¶ 36; No. 6:20-cv-00903-ADA, Dkt. 50 at ¶ 34. This is sufficient to satisfy the *Twombly*/*Iqbal* pleading standard.  *See, e.g.*, *Lochner*, 2012 WL 2595288, at *3.[5]

### 2. Dismissing These Claims, Even Without Prejudice, Will Be Inefficient

Not only are Brazos's indirect infringement claims sufficient under the law, but applying the practice of dismissing without prejudice to allow repleading after discovery at this stage of these cases would be inefficient, where fact discovery is already open and Brazos has begun

---

[4] The Court explained that it did not see much difference between denying the motion to dismiss and dismissing the claims without prejudice and allowing them to be replead after three months of discovery.  Ex. A at 47:9–15, 48:20–49:4.  The Court chose the latter approach after hearing arguments from the parties primarily about *willfulness*, which is not at issue here.  *See id.* at 20–23, 32–35.

[5] Furthermore, as discussed more fully *infra* at 13–14, Brazos has adequately pled knowledge for contributor infringement by alleging that the Accused Products have "no substantial noninfringing uses."  *See Motiva Patents*, 408 F. Supp. 3d at 835 (citing *Ricoh Co. v. Quanta Comp. Inc.*, 550 F.3d 1325, 1338 (Fed. Cir. 2008)).

seeking discovery into these claims.  In the cases cited by Juniper where the Court followed such a procedure, the Court was evaluating a motion to dismiss both indirect infringement and willfulness claims at a stage of the case well before the start of fact discovery.  Dismissing without prejudice and allowing the plaintiff to replead the claims after taking some discovery would permit the issue to be raised on summary judgment, rather than at the pleadings stage, which the Court has indicated is proper.  *See* Ex. A at 46:19–48:13; *see also Parity Networks*, 2019 WL 3940952, at *2 (stating that indirect infringement is a question that "appears to be one for the Court to resolve either at the summary judgment stage or at trial").  Here, however, because the parties have already begun discovery, there is little benefit to dismissing Brazos's well-pled claims without prejudice and allowing Brazos to replead the same claims in a few short months.

### B.     Brazos Sufficiently Pleads Specific Intent for Induced Infringement

The Court should also reject Juniper's baseless contention that Brazos failed to allege the specific intent required to state a claim for inducement.  Mot. at 7.  Courts in this District, following Federal Circuit precedent, have "emphasize[d] the low threshold for proving concepts like knowledge and intent."  *YETI Coolers, LLC v. RTIC Coolers*, LLC, No. 1:16-cv-264, 2016 WL 3970978, at *5 (W.D. Tex. July 19, 2016) (citing *Merck & Co. v. Danbury Pharmacal, Inc*., 873 F.2d 1418, 1422 (Fed. Cir. 1989) ("Intent need not, and rarely can, be proven by direct evidence.")); *see also id.* (recognizing that, as stated in *InMotion Imagery*, 2012 WL 3283371, at *3, "it is not necessary to provide detailed factual support for each and every element of inducement").  "[P]roviding instruction on how to engage in an infringing use 'show[s] an affirmative intent that the product be used to infringe.'"  *Ricoh Co. v. Quanta Comp. Inc.*, 550 F.3d 1325, 1343 (Fed. Cir. 2008) (quoting *Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 936 (2005)).

Brazos's FACs plainly plead the requisite specific intent by Juniper to induce infringement, and support this assertion with detailed allegations explaining that Juniper knowingly "directs, controls, and/or encourages customers' and/or end-users' infringement" by taking active steps, including, among other things, "instructing end-users to use the Accused Products; [and] creating and disseminating advertising and promotional materials that encourage the use of the Accused Products."  No. 6:20-cv-00812-ADA, Dkt. 58 at ¶¶ 33–34; No. 6:20-cv-00813-ADA, Dkt. 57 at ¶¶ 38–39; No. 6:20-cv-00814-ADA, Dkt. 54 at ¶¶ 32–33; No. 6:20-cv-00815-ADA, Dkt. 55 at ¶ 32–33; No. 6:20-cv-00902-ADA, Dkt. 49 at ¶¶ 36–37; No. 6:20-cv-00903-ADA, Dkt. 50 at ¶¶ 34–35; *see also id.* ("Juniper has known that such activities induce end-users to infringe at least [claim 2 of the '273 Patent, claim 1 of the '656 Patent, claim 6 of the '990 Patent, claim 1 of the '140 Patent, claim 17 of the '998 Patent, and claim 18 of the '781 Patent] since at least the date of service of the initial complaint.").  The FACs also cite to specific Juniper "manuals, instructional and support materials, and/or configuration guides for the Accused Products" that teach and/or instruct end-users to use and/or configure the Accused Products in an infringing manner.  No. 6:20-cv-00812-ADA, Dkt. 58 at ¶ 35; No. 6:20-cv-00813-ADA, Dkt. 57 at ¶ 40; No. 6:20-cv-00814-ADA, Dkt. 54 at ¶ 34; No. 6:20-cv-00815-ADA, Dkt. 55 at ¶ 34; No. 6:20-cv-00902-ADA, Dkt. 49 at ¶ 38; No. 6:20-cv-00903-ADA, Dkt. 50 at ¶ 36; *c.f.* Mot. at 7 (arguing that the FAC includes only a single conclusory statement relevant to specific intent and citing inapposite case law).[6]

---

[6] In contrast to the cases cited by Juniper, where the plaintiff either alleged only a single conclusory allegation of intent with no details or specific instructions or made no allegations of intent at all (Mot. at 7, citing *Affinity Labs*, 2014 WL 2892285, at *4; *Addiction & Detoxification Inst. L.L.C. v. Carpenter*, 620 F. App'x 934, 938 (Fed. Cir. 2015)), Brazos's FACs allege *specific acts* and cites to *specific tools* — specific product manuals, instructional and support materials, advertisements, and/or configuration guides for the Accused Products — that Juniper knowingly

These allegations are sufficient to state a plausible claim for induced infringement. *See, e.g.*, *Nalco*, 883 F.3d at 1355 (denying motion to dismiss where pleadings alleged defendants' inducing actions included "providing instructions, support, and technical assistance for the use of the [accused instrumentality]"); *Script Security Sols.*, 170 F. Supp. 3d at 936 (denying motion to dismiss induced infringement where "the defendants induced customers to infringe the patents by instructing them in advertising and promotion to use the accused products in an infringing way"); *Canon, Inc. v. TCL Elecs. Holdings Ltd.*, No. 2:18-cv-546, 2020 WL 1478356, *5–6 (E.D. Tex. Mar. 25, 2020) (denying motion to dismiss induced and contributory infringement claims despite the lack of specifics in how the material the accused infringers disseminated in connection with the accused product encouraged infringement); *Motiva Patents*, 408 F. Supp. 3d at 830–33 (denying motion to dismiss because complaint contained general allegations that the end-users of the accused software product were the direct infringers and that the accused infringer through its advertising and instruction manuals encouraged the end user to use the product in an infringing manner); *Cywee Group*, 2018 WL 3819392, at *4–5 ("[plaintiff's] allegations, illuminated by the exemplary user manuals and the allegations of direct infringement, are sufficient to raise an inference that [defendant] specifically intended to induce infringement of the asserted patents . . . allegations that the defendant advertised [] the product and its benefits are sufficient to give rise to a reasonable inference of an intention to induce infringement"); *Niazi v. Pressure Prods. Med. Supplies, Inc.*, No. 3:16-cv-670, 2017 WL 108114, at *2 (W.D. Wis. Jan. 11, 2017) (denying motion to dismiss indirect infringement claims that merely "recited claim elements" because

---

uses to instruct and encourage end-users to purchase and/or use the Accused Products in an infringing manner.

upcoming conference would require the plaintiff to disclose what it is looking for "without the need for motion practice over the form of the complaint").

## C.    Brazos Sufficiently Alleges Contributory Infringement

Juniper's final argument — that Brazos failed to plead a lack of substantial non-infringing uses (Mot. at 8) — is contradicted by the plain language of the FACs and is an improper attempt by Juniper to raise a factual dispute in a motion to dismiss.

"The Federal Circuit has ruled that affirmatively pleading the absence of substantial non-infringing uses renders the claim plausible if the pleadings do not undermine that allegation." *Merck Sharp & Dohme Corp. v. Teva Pharms. USA, Inc.*, No. 1:14-cv-874, 2015 WL 4036951, at *7 (D. Del. July 1, 2015) (citing *Bill of Lading*, 681 F.3d at 1339). Indeed, courts relying on Federal Circuit precedent agree that "a well-pled allegation addressed to the lack of substantial noninfringing uses is sufficient to satisfy the knowledge element of contributory infringement." *Motiva Patents*, 408 F. Supp. 3d at 834 (citing *Ricoh*, 550 F.3d at 1337); *see also, e.g.*, *3Shape A/S v. Align Tech., Inc*., No. 1:18-cv-886, 2019 WL 1416466, at *3 (D. Del. Mar. 29, 2019); *Univ. of Massachusetts Med. School v. L'Oréal S.A.*, No. 1:17-cv-868, 2018 WL 5919745, at *8 (D. Del. Nov. 13, 2018).[7]

Here, Brazos's FACs specifically allege that the special features of the Accused Products have no substantial noninfringing uses, and nothing contained in the FACs undermine those allegations. *E.g.*, No. 6:20-cv-00812-ADA, Dkt. 58 at ¶¶ 38–39 ("The special features include using the IS-IS protocol . . . in a manner that infringes the '781 Patent . . . [and] constitute a

---

[7] *Crypto Rsch., LLC v. Assa Abloy, Inc*., 236 F. Supp. 3d 671, 688 (E.D.N.Y. 2017) ("[M]any courts post-*Iqbal* have not demanded detailed factual allegations that the defendants' products lack substantial noninfringing uses."); *Conair Corp. v. Jarden Corp*., No. 1:13-cv-6702, 2014 WL 3955172, at *4 (S.D.N.Y. Aug. 12, 2014) (same; collecting cases).

material part of the invention of one or more claims of the '781 Patent and are not staple articles of commerce suitable for non-infringing uses."); *see also* No. 6:20-cv-00813-ADA, Dkt. 57; No. 6:20-cv-00814-ADA, Dkt. 54; No. 6:20-cv-00815-ADA, Dkt. 55; No. 6:20-cv-00902-ADA, Dkt. 49; No. 6:20-cv-00903-ADA, Dkt. 50.  This is sufficient to defeat Juniper's motion to dismiss.  *See, e.g.*, *Motiva Patents*, 408 F. Supp. 3d at 835 (denying motion to dismiss contributory infringement claim, finding complaint adequately alleged that the accused products "contain a software component with no substantial noninfringing uses").[8]

If the law were otherwise, Brazos would be required to prove the absence of substantial noninfringing uses at the pleading stage.  This is not the law, and Juniper cites no authority to support such a heightened pleading requirement.  *C.f. Driessen v. Sony Music Ent.*, No. 2:09-cv-140, 2013 WL 4501063, at *1–2 (D. Utah Aug. 22, 2013) (denying motion to dismiss and concluding that a plaintiff is not required "to plead a null set under the plausibility standard of *Twombly* and *Iqbal* — that it is impossible to 'plead with specificity something that does not exist" and "a 'null set pleading requirement' also is a misinterpretation of Section 271(c)'").

---

[8] This case is unlike *Artrip v. Ball Corp.*, 735 F. App'x 708, 713 (Fed. Cir. 2018) (Mot. at 8), where the accused products were, by their nature, subject to vast noninfringing uses.  That is not the case here (No. 6:20-cv-00812-ADA, Dkt. 58 at ¶ 17; No. 6:20-cv-00813-ADA, Dkt. 57 at ¶ 17; No. 6:20-cv-00814-ADA, Dkt. 54 at ¶ 17; No. 6:20-cv-00815-ADA, Dkt. 55 at ¶ 17; No. 6:20-cv-00902-ADA, Dkt. 49 at ¶ 17; No. 6:20-cv-00903-ADA, Dkt. 50 at ¶ 17), and Juniper does not contend otherwise.  *See 3Shape*, 2019 WL 1416466, at *3 ("While the accused products in *Artrip* were blank aluminum sheets with a food-grade coating, with vast potential for non-infringing use, *id*. at 709–10, here the accused products are intraoral scanners to produce virtual three-dimensional models.  This is sufficient to allege that the accused products are not staple articles.  Moreover, Plaintiff has included allegations about a brochure showing that Defendant's scanner performs a function similar to Plaintiff's product (D.I. 1, Ex. B) – which further makes plausible the allegation that there are no substantial noninfringing uses.  Nothing in the remainder of the Complaint undermines this inference.").

## V.    <u>CONCLUSION</u>

Brazos's FACs are sufficient to put Juniper on the requisite "fair notice" of the claims asserted against it.  That is all that is needed to satisfy the controlling *Twombly*/*Iqbal* pleading standard.  This is not a case where the Court should dismiss and allow re-pleading after discovery.  The knowledge requirement for Brazos's indirect infringement claims is met at least from the date of service of the initial complaint forward, and the parties have already begun discovery into those claims.  Whether pre-suit damages are available as a remedy for Juniper's indirect infringement may be determined later, but, for pleading purposes, Brazos has stated a valid claim for indirect infringement under controlling law.  Brazos respectfully asks the Court to deny Juniper's motion to dismiss.

Dated: June 9, 2021

*Raymond W. Mort, III*
Raymond W. Mort, III
Texas State Bar No. 00791308
raymort@austinlaw.com
THE MORT LAW FIRM, PLLC
100 Congress Avenue, Suite 2000
Austin, Texas 78701
tel/fax: (512) 677-6825

David M. Stein
Texas State Bar No. 797494
dstein@brownrudnick.com
Sarah G. Hartman
California State Bar No. 281751
shartman@brownrudnick.com
BROWN RUDNICK LLP
2211 Michelson Drive, 7th Floor
Irvine, California 92612
telephone:   (949) 752-7100
facsimile:   (949) 252-1514

Edward J. Naughton
(admitted *pro hac vice*)
enaughton@brownrudnick.com
Rebecca MacDowell Lecaroz
(admitted *pro hac vice*)

rlecaroz@brownrudnick.com
BROWN RUDNICK LLP
One Financial Center
Boston, Massachusetts 02111
telephone:   (617) 856-8200
facsimile:    (617) 856-8201

Alessandra C. Messing
New York State Bar No. 5040019
amessing@brownrudnick.com
Timothy J. Rousseau
New York State Bar No. 4698742
trousseau@brownrudnick.com
BROWN RUDNICK LLP
7 Times Square
New York, New York 10036
telephone:   (212) 209-4800
facsimile:    (212) 209-4801

*Counsel for Plaintiff*
*WSOU Investments, LLC d/b/a*
*Brazos Licensing and Development*