UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| WSOU INVESTMENTS, LLC D/B/A BRAZOS LICENSING AND DEVELOPMENT,<br><br>    Plaintiff,<br><br>v.<br><br>JUNIPER NETWORKS, INC.<br><br>    Defendant. | Civil Action No.:   6:20-cv-00812-ADA<br>6:20-cv-00813-ADA<br>6:20-cv-00814-ADA<br>6:20-cv-00815-ADA<br>6:20-cv-00902-ADA<br>6:20-cv-00903-ADA |

**DEFENDANT JUNIPER NETWORKS, INC.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ...................................................................................................................1
II. ARGUMENT .........................................................................................................................1
    A. WSOU Cannot Plead Pre-Suit Knowledge.............................................................1
    B. WSOU Cannot Plead The Specific Intent For Induced Infringement ....................6
    C. WSOU Cannot Plead A Lack Of Substantial Non-Infringing Uses For Contributory Infringement ......................................................................................8
III. CONCLUSION ......................................................................................................................9

## **TABLE OF AUTHORITIES**

**Page**

### **Cases**

*Addiction & Detoxification Inst. LLC v. Carpenter*,
    620 F. App'x 934 (Fed. Cir. 2015) ................................................................................ 6

*Affinity Labs of Tex., LLC v. Toyota Motor N. Am.*,
    No. 13-cv-365, 2014 WL 2892285 (W.D. Tex. May 12, 2014) ...................................... 6

*Artrip v. Ball Corp.*,
    735 F. App'x 708 (Fed. Cir. 2018) ................................................................................ 8

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ...................................................................................................... 8

*Aspex Eyewear, Inc. v. Marchon Eyewear, Inc.*,
    672 F.3d 1335 (Fed. Cir. 2012) .................................................................................... 4

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007) ...................................................................................................... 9

*Bonutti Skeletal Innovations LLC v. Arthrex, Inc.*,
    No. 6:12-cv-1380, 2013 WL 12149301 (M.D. Fla. Mar. 29, 2013) ................................ 3

*Canon, Inc. v. TCL Elecs. Holdings Ltd.*,
    No. 2:18-cv-546, 2020 WL 1478356 (E.D. Tex. Mar. 25, 2020) .................................... 7

*Castlemorton Wireless, LLC v. Bose Corp.*,
    No. 6:20-cv-00029, 2020 WL 6578418 (W.D. Tex. July 22, 2020) ........................... 2, 4

*Conair Corp. v. Jarden Corp.*,
    No. 1:13-cv-6702, 2014 WL 3955172 (S.D.N.Y. Aug. 12, 2014) .................................. 9

*Crypto Research, LLC v. Assa Abloy, Inc.*,
    236 F. Supp. 3d 671 (E.D.N.Y. 2017) ............................................................................ 9

*Cywee Grp. Ltd. v. Huawei Device Co.*,
    No. 2:17-cv-495, 2018 WL 3819392 (E.D. Tex. Aug. 10, 2018) .................................... 7

*Driessen v. Sony Music Entm't*,
    No. 2:09-cv-0140, 2013 WL 4501063 (D. Utah Aug. 22, 2013) .................................... 8

*Eon Corp. IP Holdings, LLC v. Sensus USA, Inc.*,
    No. 3:12-cv-1011, 2012 WL 4514138 (N.D. Cal. Oct. 1, 2012) .................................... 2

*In re Bill of Lading Transmission & Processing Sys. Patent Litig.*,
    681 F.3d 1323 (Fed. Cir. 2012) ............................................................................. 2, 3, 8

*Labyrinth Optical Techs., LLC v. Fujitsu Am., Inc.*,
    No. 8:13-cv-30, 2013 WL 12126111 (C.D. Cal. Aug. 21, 2013) .................................... 2

*Meetrix IP, LLC v. Cisco Sys., Inc.*,
    No. 1:18-cv-309, 2018 WL 8261315 (W.D. Tex. Nov. 30, 2018) ................................... 2

*Motiva Patents, LLC v. Sony Corp.*,
    408 F. Supp. 3d 819 (E.D. Tex. 2019) ........................................................................ 7. 9

*Nalco Co. v. Chem-Mod, LLC*,
    883 F.3d 1337 (Fed. Cir. 2018) ................................................................................... 3, 6

*Niazi v. Pressure Prods. Med. Supplies, Inc.*,
    No. 3:16-cv-670, 2017 WL 108114 (W.D. Wis. Jan. 11, 2017) ...................................... 7

*Parity Networks, LLC v. Cisco Sys., Inc.*,
    No. 6:19-cv-207, 2019 WL 3940952 (W.D. Tex. July 26, 2019) ................................ 2, 6

*Parus Holdings Inc. v. Apple Inc.*,
    No. 6:19-cv-432, Dkt. 54 (W.D. Tex. Feb. 20, 2020) ..................................................... 1

*Ricoh Co. v. Quanta Computer, Inc.*,
    550 F.3d 1325 (Fed. Cir. 2008) ...................................................................................... 6

*Script Security Solutions LLC v. Amazon.com, Inc.*,
    170 F. Supp. 3d 928 (E.D. Tex. 2016) ........................................................................... 6

*Synopsys, Inc. v. ATopTech, Inc.*,
    No. 13-cv-09265, 2013 WL 5770542 (N.D. Cal. Oct. 24, 2013) .................................... 8

*SynQor, Inc. v. Artesyn Techs., Inc.*,
    709 F.3d 1365 (Fed. Cir. 2013) ...................................................................................... 3

*Uniloc USA, Inc. v. Logitech, Inc.*,
    No. 18-cv-01304, 2018 WL 6025597 (N.D. Cal. Nov. 17, 2018) ................................... 6

*Univ. of Mass. Med. Sch. v. L'Oréal S.A.*,
    No. 1:17-cv-868, 2018 WL 5919745 (D. Del. Nov. 13, 2018) ........................................ 9

*VLSI Tech. LLC v. Intel Corp.*,
    No. 18-cv-966, 2019 WL 1349468 (D. Del. Mar. 26, 2019) ........................................... 3

*VLSI Tech., LLC v. Intel Corp.*,
    No. 6:19-cv-000254, 2019 WL 11025759 (W.D. Tex. Aug. 6, 2019) ............................. 5

*ZapFraud, Inc. v. Barracuda Networks, Inc.*,
    No. 19-cv-1687, 2021 WL 1134687 (D. Del. Mar. 24, 2021) ......................................... 3

**Rules and Regulations**

Fed. R. Civ. P. 11(b)(3) .................................................................................................................. 5

**I.      INTRODUCTION**

WSOU's indirect infringement allegations rely solely on pre-suit knowledge. Under this Court's established practice, such allegations must be dismissed, subject to being re-pleaded if WSOU is able to obtain evidence for these claims during discovery. Despite this clear precedent, and despite this Court's prior rulings against WSOU in nearly identical circumstances, WSOU continues to assert that its allegations are sufficient. WSOU offers no reason why this Court should depart from its practice, and this Court has already rejected WSOU's requests that it do so in its prior rulings. *See* Mot. at 5-6.

Although WSOU's indirect infringement allegations must be dismissed on this basis alone, WSOU also fails to adequately allege specific intent under its theory of induced infringement. Instead of relying on factual allegations, WSOU relies on conclusory statements that Juniper "induced" others to infringe based on advertising and promotional materials. WSOU also does not plausibly allege a lack of substantial non-infringing uses for its theory of contributory infringement. WSOU alleges no facts giving rise to a plausible inference that there are no substantial non-infringing uses for the Accused Products.

**II.     ARGUMENT**

   **A.     WSOU Cannot Plead Pre-Suit Knowledge**

WSOU does not dispute that each First Amended Complaint alleges knowledge based solely on the original complaints filed in these cases. This Court has routinely held that allegations of indirect infringement require pre-suit knowledge. Mot. at 4-5 (citing, for example, *Parus Holdings Inc. v. Apple Inc.*, No. 6:19-cv-432, Dkt. 54 (W.D. Tex. Feb. 20, 2020)). In light of this clear precedent, the onus is on WSOU to explain why the Court should deviate from its standard practice. *WSOU Invs., LLC v. Dell Techs., Inc.*, No. 6:20-cv-478, Dkt. 73 at 76:8-11 (W.D. Tex.

Dec. 22, 2020). WSOU has not done so. Instead, WSOU recycles the same arguments this Court has already rightly rejected.[1]

First, WSOU argues that there is no requirement to plead pre-suit knowledge. But this Court has already rejected similar arguments. *See, e.g.*, *Castlemorton Wireless, LLC v. Bose Corp.*, No. 6:20-cv-00029, Dkt. 22 at 17-20 (W.D. Tex. Apr. 22, 2020) (opposing motion to dismiss and arguing that post-suit knowledge suffices, based on same cases cited by WSOU—e.g., *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323 (Fed. Cir. 2012), *Parity Networks, LLC v. Cisco Sys., Inc.*, No. 6:19-cv-207, 2019 WL 3940952 (W.D. Tex. July 26, 2019), *Meetrix IP, LLC v. Cisco Sys., Inc.*, No. 1:18-cv-309, 2018 WL 8261315 (W.D. Tex. Nov. 30, 2018), *Labyrinth Optical Techs., LLC v. Fujitsu Am., Inc.*, No. 8:13-cv-30, 2013 WL 12126111 (C.D. Cal. Aug. 21, 2013), and *Eon Corp. IP Holdings, LLC v. Sensus USA, Inc.*, No. 3:12-cv-1011, 2012 WL 4514138 (N.D. Cal. Oct. 1, 2012)); *Castlemorton Wireless, LLC v. Bose Corp.*, No. 6:20-cv-00029, 2020 WL 6578418, at *5 (W.D. Tex. July 22, 2020) (granting motion to dismiss); *see also* Mot. at 4-6. More importantly, WSOU's discussion of authorities from other courts and other districts—to which it devotes nearly five pages of its opposition—is irrelevant. Regardless of what other district judges have decided,[2] the rulings of *this* Court are clear: pre-suit knowledge is required.

---

[1] WSOU has chosen to waste the resources of the parties and the Court by refusing to comply with the Court's typical practice, even though it agreed to exactly this procedure in another case before this Court less than a year ago. *Compare* No. 20-cv-00815, Dkt. 67-1 (explaining that Juniper proposed to adopt "the Court's normal practice wherein the dismissal would be without prejudice to WSOU's ability to seek discovery on the indirect infringement allegations"), *with WSOU Invs., LLC v. Dell Techs., Inc.*, No. 6:20-cv-478, Dkt. 73 at 73:22-76:13 (stating "I think we would be fine with your normal practice").

[2] District courts are "divided over whether a defendant must have the knowledge necessary to sustain claims of indirect and willful infringement before the filing of the lawsuit." *ZapFraud, Inc. v. Barracuda Networks, Inc.*, No. 19-cv-1687, 2021 WL 1134687, at *2 & n.1 (D. Del. Mar. 24, 2021) (collecting cases).

Even if this Court were to consider revisiting these same rehashed arguments, they should be rejected. "The complaint itself cannot serve as the basis for a defendant's actionable knowledge" because "[t]he purpose of a complaint is not to create a claim but rather to obtain relief for an existing claim." *VLSI Tech. LLC v. Intel Corp.*, No. 18-cv-966, 2019 WL 1349468, at *2 (D. Del. Mar. 26, 2019). In its opposition, WSOU places its reliance almost exclusively on the Federal Circuit's decision in *Bill of Lading*. Opp. at 4-7 (citing district court cases that primarily rely on *Bill of Lading*). But *Bill of Lading* does not address the knowledge requirement of indirect infringement. Instead, after reviewing the factual allegations set forth in the complaints at issue, the Federal Circuit concluded that the district court erred by dismissing the complaints on the grounds that they "relied upon ultimate inferences that the district court found 'implausible and unreasonable.'" *Bill of Lading*, 681 F.3d at 1339, 1341-46.

And indeed, courts have repeatedly recognized that *Bill of Lading* does not address pre-suit knowledge. *See, e.g.*, *ZapFraud*, 2021 WL 1134687, at *3 (stating that "[n]either the Federal Circuit nor the Supreme Court has addressed the issue"); *Bonutti Skeletal Innovations LLC v. Arthrex, Inc.*, No. 6:12-cv-1380, 2013 WL 12149301, at *3 (M.D. Fla. Mar. 29, 2013) (noting that *Bill of Lading* did not discuss pre-suit knowledge).

Moreover, other Federal Circuit decisions suggest that allegations of pre-suit knowledge are, in fact, required in order to allege indirect infringement. *See, e.g.*, *Nalco Co. v. Chem-Mod, LLC*, 883 F.3d 1337, 1357 (Fed. Cir. 2018) (concluding that knowledge element of contributory infringement was satisfied where plaintiff had "pled facts to show Defendants' knowledge, prior to filing of the suit, of the '692 patent"); *SynQor, Inc. v. Artesyn Techs., Inc.*, 709 F.3d 1365, 1380 (Fed. Cir. 2013) (concluding that the "jury's finding of liability for contributory infringement

demonstrate[d] the jury found each Defendant had actual knowledge of the '190 Patent prior to suit").

WSOU also contends that its position is consistent with "Federal Circuit authority stating that a party 'may seek to pursue claims that accrue during the pendency of a lawsuit.'" Opp. at 5 (quoting *Aspex Eyewear, Inc. v. Marchon Eyewear, Inc.*, 672 F.3d 1335, 1345 (Fed. Cir. 2012)). But this Court has already rejected this argument. *See WSOU Invs., LLC v. Dell Techs., Inc.*, No. 6:20-cv-478, Dkt. 55 at 3, 5-6, 8 (arguing in opposition to motion to dismiss that a pre-suit knowledge requirement is at odds with *Aspex Eyewear*), Dkt. 73 at 76:14-77:7 (granting motion to dismiss indirect infringement allegations). Moreover, *Aspex Eyewear* addressed the scope of res judicata, holding that it "will not be applied to" claims that accrue during the pendency of a lawsuit, "if the party elects not to have them included." *Aspex Eyewear*, 672 F.3d at 1345. This has nothing to do with the question of whether the filing of a complaint can create a cause of action. WSOU's reliance on *Aspex Eyewear* is misplaced.

Second, in an attempt to avoid this Court's clear precedent, WSOU mischaracterizes this Court's practice with respect to indirect infringement allegations. According to WSOU, this Court has not held "that pre-suit knowledge is required to state a claim of indirect infringement." Opp. at 8-9. But that is precisely what this Court has held. *See, e.g.*, *Castlemorton Wireless, LLC v. Bose Corp.*, No. 6:20-cv-00029, 2020 WL 6578418, at *5 (W.D. Tex. July 22, 2020) (granting "Bose's motion to dismiss Castlemorton's indirect infringement claims" because "Castlemorton's complaint does not plead any facts that would support an allegation of pre-suit knowledge"); *see also* Mot. at 4-6.

In response to this precedent, WSOU asserts that the Court's prior orders are not "substantive determinations," but instead turn on "procedure and timing." Opp. 8-9. In WSOU's

view, even if discovery yields *"no evidence* of pre-suit knowledge," a plaintiff may simply "replead[] identical claims." Opp. at 8-9 (emphasis added).   WSOU cites no authority supporting its position.  Further, WSOU's suggestion that it may re-plead claims that have been dismissed without any new evidence is illogical and inconsistent with the Court's practice of dismissing claims of indirect infringement that do not allege pre-suit knowledge.[3]

Third, WSOU contends that applying the Court's usual practice here would be "inefficient." Opp. at 9.  According to WSOU, the present case is distinguishable from prior decisions of this Court because, here, fact discovery has recently begun. Opp. at 9-10.  But notably absent from WSOU's opposition is any explanation as to why this should make any difference, let alone how dismissal would result in any "inefficien[cy]."  Regardless of whether discovery has yet begun, the Court's established practice allows the plaintiff an opportunity to conduct discovery on its indirect infringement claims, even when those claims have properly been dismissed.

There is no dispute that WSOU's indirect infringement allegations are premised entirely on knowledge arising from the filing of the complaint. *See, e.g.*, No. 6:20-cv-00902, Dkt. 49 ¶ 35 ("At least as of the date of service of the initial complaint, October 1, 2020, Juniper has had actual or constructive knowledge of the '273 Patent and has been on notice of its infringement of the '273 Patent and how the Accused Products infringe the '998 Patent [*sic*]."). Pursuant to the decisions of this Court, WSOU's indirect infringement claims should be dismissed.

---

[3]   Importantly, if after discovery a plaintiff decides to amend its complaint to include allegations of indirect infringement, "it will be free do so[] *subject to the provisions of Rule 11.*" *VLSI Tech., LLC v. Intel Corp.*, No. 6:19-cv-000254, 2019 WL 11025759, at *1 (W.D. Tex. Aug. 6, 2019) (emphasis added); *see also Castlemorton*, 2020 WL 6578418, at *5 (permitting plaintiff "to amend its complaint after the start of fact discovery to include pre-suit indirect infringement if it is able to elicit sufficient facts to support such an allegation"). Under Rule 11, any amended complaint would include the certification that the factual contentions contained therein "have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." Fed. R. Civ. P. 11(b)(3).

### B. WSOU Cannot Plead The Specific Intent For Induced Infringement

Claims for induced infringement require allegations of specific intent, "which is 'evidence of culpable conduct, directed to encouraging another's infringement.'" *Parity Networks*, 2019 WL 3940952, at *2; *see also Uniloc USA, Inc. v. Logitech, Inc.*, No. 18-cv-01304, 2018 WL 6025597, at *2 (N.D. Cal. Nov. 17, 2018) ("[F]or an allegation of induced infringement, the plaintiff must allege that a defendant knew that another party was infringing, and intended for that other party to infringe."); Mot. at 7. WSOU's conclusory allegations that Juniper "actively and knowingly" induced others through the use of advertising and promotional materials, *see e.g.,* No. 6:20-cv-00815, Dkt. 55 ¶¶ 32-33, do not suffice. *See Addiction & Detoxification Inst. LLC v. Carpenter*, 620 F. App'x 934, 938 (Fed. Cir. 2015) (holding that recitation of "legal conclusion that Defendants acted with specific intent" was insufficient); *see also Affinity Labs of Tex., LLC v. Toyota Motor N. Am.*, No. 13-cv-365, 2014 WL 2892285, at *7 (W.D. Tex. May 12, 2014) (concluding that allegations based on "marketing activities" do not "demonstrate that Defendants knew such activities were infringing or that Defendants possessed the specific intent to encourage another's infringement."); Mot. at 7.

WSOU's cited cases are distinguishable. In *Ricoh Co. v. Quanta Computer, Inc.*, the specific intent derived from the fact that the "sole purpose" of the components at issue was to "cause the drives to operate in a manner that infringe[d]." 550 F.3d 1325, 1343 (Fed. Cir. 2008). In *Nalco*, the plaintiff alleged that the defendant specifically intended to induce infringement of the patent at issue by particular direct infringers. 883 F.3d at 1356. In *Script Security Solutions LLC v. Amazon.com, Inc.*, the plaintiffs alleged intent by pleading "that the defendants arranged to remain willfully blind to Script's patents by adopting a policy of not reviewing the patents of

others." 170 F. Supp. 3d 928, 937 (E.D. Tex. 2016).[4] In *Cywee Grp. Ltd. v. Huawei Device Co.*, the plaintiff expressly alleged "how the instructions direct[ed] customers to use . . . products in an infringing manner," and explained with exemplary allegations how Huawei "specifically intend[ed] its customers to use [certain] motion gestures to infringe." No. 2:17-cv-495, 2018 WL 3819392, at *4-5 (E.D. Tex. Aug. 10, 2018); *see also Canon, Inc. v. TCL Elecs. Holdings Ltd.*, No. 2:18-cv-546, 2020 WL 1478356, at *5-6 (E.D. Tex. Mar. 25, 2020) (relying on allegations that defendant took "active steps to encourage and facilitate" particular groups of direct infringers); *Motiva Patents, LLC v. Sony Corp.*, 408 F. Supp. 3d 819, 825-26 (E.D. Tex. 2019) (emphasizing allegations that the defendant entered "into contractual relationships with others," and recognized that the "normal and customary use of the accused products" would infringe (emphasis omitted)); *Niazi v. Pressure Prods. Med. Supplies, Inc.*, No. 3:16-cv-670, 2017 WL 108114, at *2-3 (W.D. Wis. Jan. 11, 2017) (permitting allegations that were simple recitations of claim elements only because plaintiff would soon be required to disclose the details of its indirect infringement theories in its infringement contentions).

WSOU's conclusory allegations of specific intent fall short of those found sufficient in other cases. Accordingly, WSOU fails to plausibly allege that Juniper acted with the specific intent to induce infringement. This provides an additional and independent basis to dismiss WSOU's claims for induced infringement.

---

[4] This Court has also held that a policy of not reviewing patents is insufficient to meet the test for willful blindness. *See, e.g., VLSI*, 2019 WL 1349468, at *2 (dismissing willful blindness allegation because "Intel's policy that forbids its employees from reading patents held by outside companies or individuals is insufficient to meet the test of willful blindness").

### C. WSOU Cannot Plead A Lack Of Substantial Non-Infringing Uses For Contributory Infringement

To allege contributory infringement, a plaintiff "must 'plead facts that allow an inference that the components sold or offered for sale have no substantial non-infringing uses.'" *Artrip v. Ball Corp.*, 735 F. App'x 708, 713 (Fed. Cir. 2018) (quoting *Bill of Lading*, 681 F.3d at 1337). WSOU has not pled a lack of substantial non-infringing uses. Instead, WSOU's First Amended Complaints rely on no more than "[t]hreadbare recitals of the elements of a" claim for contributory infringement. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see, e.g.*, No. 6:20-cv-00815, Dkt. 55 ¶¶ 36-38. As WSOU's own cited case explains, plaintiffs must "plead facts that allow an inference that the components sold or offered for sale have no substantial non-infringing uses." *Driessen v. Sony Music Entm't*, No. 2:09-cv-0140, 2013 WL 4501063, at *2 (D. Utah Aug. 22, 2013) (quoting *Bill of Lading*, 681 F.3d at 1337). Here, WSOU's allegations do not plausibly suggest that the Accused Products, complex software such as network operating systems, "could not be used 'for purposes *other than* infringement.'" *Artrip*, 735 F. App'x at 713 (quoting *Bill of Lading*, 681 F.3d at 1338); *see also Synopsys, Inc. v. ATopTech, Inc.*, No. 13-cv-09265, 2013 WL 5770542, at *16 (N.D. Cal. Oct. 24, 2013) (holding that conclusory allegations about non-infringing uses of software were insufficient because the complaint was vague about the precise uses of the accused product).

WSOU's various out-of-district cases do not compel a different outcome. In each of those cases, the accused products were highly specialized, and possessed a relatively narrow scope of functionality. Accordingly, it is unsurprising that the district courts concluded the allegations at issue were plausible. For instance, in *Merck Sharpe & Dohme Corp. v. Teva Pharm. USA, Inc.*, the accused product was a generic version of the plaintiff's mometasone furoate nasal spray. No. 1:14-cv-874, 2015 WL 4036951, at *1 (D. Del. July 1, 2015). The plaintiff alleged that the generic

version was "especially made and/or adapted for use in the direct infringement of the '353 patent." *Id.* at *7. In *3Shape A/S v. Align Technology, Inc.*, the plaintiff accused specialized intraoral scanners of infringing a patent—on intraoral scanning systems and methods—that was practiced by the plaintiff. No. 1:18-cv-886, 2019 WL 1416466, at *3 (D. Del. Mar. 29, 2019). The complaint "included allegations about a brochure showing that Defendant's scanner perform[ed] a function similar to Plaintiff's product." *Id.*; *see also Motiva Patents*, 408 F. Supp. 3d at 835 (relying on allegations that the accused products had "special features [related to motion sensors] that [were] specifically designed to be used in an infringing way" and could not be used in any other manner); *Univ. of Mass. Med. Sch. v. L'Oréal S.A.*, No. 1:17-cv-868, 2018 WL 5919745, at *8 (D. Del. Nov. 13, 2018) (concluding that pleadings did not undermine the allegation that adenosine compound for skin treatment had no known substantial non-infringing uses).[5]

WSOU's allegations fail to satisfy the threshold for pleading contributory infringement. Thus, for this additional reason, WSOU's claims for contributory infringement should be dismissed.

### III.  CONCLUSION

WSOU's First Amended Complaints do not cure the deficiencies in its original complaints. Accordingly, for the reasons stated herein, Juniper respectfully requests that the Court follows its usual practice and dismiss WSOU's claims for indirect infringement.

---

[5]  WSOU's citations to *Crypto Research, LLC v. Assa Abloy, Inc.*, 236 F. Supp. 3d 671, 688 (E.D.N.Y. 2017) and *Conair Corp. v. Jarden Corp.*, No. 1:13-cv-6702, 2014 WL 3955172, at *4 (S.D.N.Y. Aug. 12, 2014) are similarly unavailing.  "[D]etailed factual allegations" are not required, *Crypto Research*, 236 F. Supp. 3d at 688, but a plaintiff must allege more than "formulaic recitation[s] of . . . elements." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

DATED:  June 16, 2021 Respectfully submitted,

By   /s/ B. Russell Horton
B. Russell Horton
Texas State Bar No. 10014450
rhorton@gbkh.com
George Brothers Kincaid & Horton LLP
114 West 7th Street, Suite 1100
Austin, TX 78701
Telephone: (512) 495-1400
Facsimile: (512-499-0094

Kevin P.B. Johnson
kevinjohnson@quinnemanuel.com
Todd Briggs
toddbriggs@quinnemanuel.com
Margaret Shyr (*pro hac vice*)
margaretshyr@quinnemanuel.com
Joseph E. Reed (*pro hac vice*)
joereed@quinnemanuel.com
Quinn Emanuel Urquhart & Sullivan, LLP
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Nima Hefazi *(pro hac vice*)
nimahefazi@quinnemanuel.com
Quinn Emanuel Urquhart & Sullivan, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

*Counsel for Defendant*
*Juniper Networks, Inc.*

## CERTIFICATE OF SERVICE

Pursuant to the Federal Rules of Civil Procedure and Local Rule CV-5, I hereby certify that, on June 16, 2021, all counsel of record who have appeared in this case are being served with a copy of the foregoing via the Court's CM/ECF system.

Dated:   June 16, 2021  /s/ B. Russell Horton_____
  B. Russell Horton